**OPINION OF THE JUSTICES** of the Supreme Judicial Court given under the Provisions of Section 3 of Article VI of the Constitution.

Supreme Judicial Court of Maine.

Questions Propounded by the Senate in an Order Dated March 5, 1976.

Answered March 19, 1976.

SENATE   ORDER   PROPOUNDING
QUESTIONS

# State of Maine

### In the Year of Our Lord One Thousand Nine Hundred and Seventy-Six

In Senate, March 5, 1976

**Whereas,** it appears to the Senate of the 107th Legislature that the following are important questions of law and that the occasion is a solemn one; and

**Whereas,** it is the desire of the 107th Legislature to enact legislation making traffic infractions civil violations and providing for the enforcement of civil violations; and

**Whereas,** there is pending before the 107th Legislature in its Committee on the Judiciary, bills entitled "AN ACT to Revise the Laws Relating to the Maine Traffic Court," House Paper 2023, Legislative Document 2202 (Exhibit A) and "AN ACT to Revise the Maine Criminal Code as Recommended by the Criminal Law Revision Commission," Senate Paper 697, Legislative Document 2217 (Exhibit B); and

**Whereas,** Article 1, Section 6 of the Constitution of the State of Maine provides that in all criminal prosecutions the accused shall have a right to a trial by jury; and

**Whereas,** Article 1, Section 20 of the Constitution of the State of Maine provides that in all civil suits the parties shall have a right to a trial by jury, except in cases where it has been otherwise practiced; and

**Whereas,** Article 1, Section 6-A of the Constitution of the State of Maine provides that no person shall be deprived of life, liberty or property without due process of law; and

**Whereas,** the constitutionality of the provisions of Legislative Document 2202 (Exhibit A) has been questioned as they relate to Article 1, Section 6 and Article 1, Section 20 of the Constitution; and

**Whereas,** the constitutionality of the provisions of Legislative Document 2217 (Exhibit B), to wit, Section 19, enacting Title 17-A, section fifteen, subsection 2, and section 16, subsection 2, authorizing a law enforcement officer to require a person to remain in the officer's presence for up to 2 hours so that the officer may verify the person's identity have been questioned as they relate to Article 1, Section 6-A of the Constitution; and

**Whereas,** the constitutionality of the provisions of Legislative Document 2217 (Exhibit B), to wit, section 19, enacting Title 17-A, section fifteen, subsection 2, and section 16, subsection 2, punishing the knowing failure or refusal to provide a law enforcement officer with reasonably credible evidence of one's name and address, has been questioned as they relate to Article 1, Section 6-A of the Constitution; and

**Whereas,** it is important that the Legislature be informed as to the answers to these important and serious legal questions hereinafter raised; now, therefore, be it

**Ordered,** that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the Senate, according to the provisions of the Constitution on its behalf, their opinion upon the following questions, to wit:

QUESTION #1:

Would section 23 of Legislative Document 2202 (Exhibit A), if enacted into law, unconstitutionally deprive a defendant of his right to trial by jury as provided by Article 1, Section 6 of the Constitution of the State of Maine?

QUESTION #2:

Would section 23 of Legislative Document 2202 (Exhibit A), if enacted into law, unconstitutionally deprive a defendant of his right to trial by jury as provided by Article 1, Section 20 of the Constitution of the State of Maine?

QUESTION #3:

Would the provisions of section 19 of Legislative Document 2217 (Exhibit B), enacting Title 17-A, section fifteen, subsection 2, and section sixteen, subsection 2, authorizing a law enforcement officer to require a person to remain in the officer's presence for a period of up to 2 hours, if enacted into law, unconstitutionally deprive a person of life, liberty or property without due process of law in violation of Article 1, Section 6-A of the Constitution of the State of Maine?

QUESTION #4:

Would the provisions of section 19 of Legislative Document 2217 (Exhibit B), enacting Title 17-A, section fifteen, subsection 2, and section sixteen, subsection 2, punishing the knowing failure or refusal to provide a law enforcement officer with reasonably credible evidence of one's name and address, if enacted into law, unconstitutionally deprive a person of life, liberty or property without due process of law in violation of Article 1, Section 6-A of the Constitution of the State of Maine?

(EXHIBIT A)

(EMERGENCY)
FIRST SPECIAL SESSION

# ONE HUNDRED AND SEVENTH LEGISLATURE

**Legislative Document**                                    **No. 2202**

H. P. 2023                     House of Representatives, February 10, 1976
   Referred to the Committee on Judiciary. Sent up for concurrence and
ordered printed.

EDWIN H. PERT, Clerk

   Presented by Mr. Hughes of Auburn.
      Cosponsor: Mrs. Miskavage of Augusta.

## STATE OF MAINE

### IN THE YEAR OF OUR LORD NINETEEN HUNDRED SEVENTY-SIX

**AN ACT to Revise the Laws Relating to the Maine Traffic Court.**

**Emergency preamble.** Whereas, Acts of the Legislature do not become effective until 90 days after adjournment unless enacted as emergencies; and

Whereas, numerous situations have arisen in the enactment of chapter 430 of the public laws of 1975 which have greatly hindered the ability of the various law enforcement agencies of the State, the Secretary of State and the courts of this State to properly administer and enforce the provisions of Title 29 and other provisions of the Revised Statutes which relate to the operation of motor vehicles of all types on the highways of the State; and

Whereas, because of the aforesaid situation, it is deemed immediately necessary to make various amendments to Title 29 and other related provisions of the Revised Statutes in order to clarify, correct and modify those statutes in a manner that will forthwith permit those laws to be properly and expeditiously administered and enforced; and

Whereas, in the judgment of the Legislature, these facts create an emergency within the meaning of the Constitution of Maine and require the following legislation as immediately necessary for the preservation of the public peace, health and safety; now, therefore,

**Be it enacted by the People of the State of Maine, as follows:**

Sec. 1. 1 MRSA § 72, sub-§ 2-B, as enacted by PL 1969, c. 433, § 3 and as amended by PL 1971, c. 598, § 2, is repealed and the following enacted in place thereof:

2-B.  Civil violation.  "Civil violation" shall have the same meaning given that term by Title 17-A, section 4.

Sec. 2.   1 MRSA § 72, sub-§ 2-C is enacted to read:

2-C.  Full age.  "Full age" means the age of 18 and over.

Sec. 3.   4 MRSA § 164, sub-§ 12, ¶ B, 1st sentence, as enacted by PL 1969, c. 299 and as last amended by PL 1975, c. 430, § 4, is further amended to read:

The Chief Judge shall by order, which may from time to time be amended, suspended or repealed, designate the traffic infractions offenses within the authority of the violations clerk.  Such infractions offenses shall not include:

Sec. 4.   4 MRSA § 164, sub-§ 12, ¶ B, sub-¶ (18), as enacted by PL 1975, c. 408, § 17 and as amended by PL 1975, c. 623, § 3-C, is repealed.

Sec. 5.   4 MRSA § 171, 1st ¶, as repealed and replaced by PL 1965, c. 356, § 4 and as last amended by PL 1975, c. 430, § 7, is further amended to read:

When complaint is made to the proper officer of the District Court charging a person with the commission of an a criminal offense, including a traffic infraction he shall issue a warrant for his arrest or a summons in such form and under such circumstances as the Supreme Judicial Court shall by rule provide.

Sec. 6.   4 MRSA § 171-A is enacted to read:

§ 171-A.  Traffic infraction complaints

When complaint is made to the proper officer of the District Court charging a person with the commission of a traffic infraction, such officer of the District Court shall cause to be served upon the person a copy of the Uniform Traffic Ticket and Complaint in such form and under such circumstances as the Supreme Judicial Court shall by rule provide.

Sec. 7.   4 MRSA § 173, sub-§ 1, 1st ¶, as amended by PL 1975, c. 430, § 8, is further amended to read:

This section applies only to costs and fees arising from the criminal and traffic infraction civil violation proceedings in the District Court.  When any criminal or traffic infraction civil violation case is appealed from such court to the Superior Court, the latter may tax and impose costs from its proceeding which may not include any fees or costs arising from the proceedings or arrest in the lower court.

Sec. 8.   4 MRSA § 173, sub-§ 1, 2nd ¶, as last amended by PL 1975, c. 95 and as repealed by PL 1975, c. 430, § 8, is repealed and the following enacted in place thereof:

Nothing in this section shall be interpreted to prohibit a court from filing a case upon payment of costs without a conviction or adjudication; provided that upon motion at any time by either party, the court shall bring a filed case forward and proceed to a disposition of the pending complaint.

Sec. 9.   4 MRSA § 173, sub-§ 1, 4th ¶, as last amended by PL 1975, c. 430, § 9, is further amended to read:

The term "law enforcement officer" shall include a state police officer, inland fish and game warden, forest ranger, state liquor inspector, sheriff, deputy sheriff, municipal police officer, constable, authorized representative of the Board of Environmental Protection, ~~and~~ any person whose duty it is to enforce any criminal ~~or traffic~~ law of this State by making arrests **and any person whose duty it is to enforce any law of this State establishing a civil violation.**

Sec. 10.   4 MRSA § 173, sub-§ 2, as last amended by PL 1975, c. 430, § 10, is further amended to read:

2.   **Defendant not to be sentenced to pay costs of court as such.**   The District Court may not, in any criminal or ~~traffic infraction~~ **civil violation** proceeding, sentence any defendant to pay costs of court as such, but may take the costs into consideration and include in any fine imposed a sum adequate to cover all or any part of them without reference to such costs and without taxing them, provided the maximum fine for the particular offense is not exceeded.

Sec. 11.   4 MRSA § 173, sub-§ 3, **1st sentence,** as amended by PL 1975, c. 430, § 11, is further amended to read:

Such court need not tax total costs in a criminal or ~~traffic infraction~~ **civil violation** proceeding, but shall tax and itemize witness fees which are payable by the county or the State as provided in this section.

Sec. 12.   4 MRSA § 173, sub-§ 4, 3rd ¶, as last amended by PL 1975, c. 430, § 12, is further amended to read:

Municipalities shall be reimbursed by the county for all reasonable expenses incurred by police officers and constables for travel within the State between their employing municipality and any other place within the State when such travel is a consequence of an arrest, or for the purpose of making an arrest on a criminal ~~or traffic infraction~~ warrant or to commit and transport a person to any jail or institution within the State, such expenses to be calculated at the state mileage rate for the travel of such officers and constables to and from their employing municipality.

Sec. 13.   4 MRSA § 173, sub-§ 4, 5th ¶, as last amended by PL 1975, c. 430, § 13, is further amended to read:

The Treasurer of State, except in a case where any part of any fine collected shall accrue to the Department of Transportation, shall pay the latter $4 each time a state police officer duly signs ~~as arresting officer~~ the return of a criminal ~~or traffic infraction~~ warrant issued by the District Court **and in every case in which a Uniform Traffic Ticket and Complaint or civil violation citation is issued to or served upon a person by a state police officer.** Such fees shall be paid only upon final disposition of the case and only in those cases in which the **judgment or the** sentence imposed, or a portion thereof, includes the imposition of a fine. In the event of an appeal from the decision of the District Court no such fees are to be paid except when such appeal is withdrawn and the original **judgment or** sentence is imposed by the District Court.

Sec. 14.   4 MRSA § 173, sub-§ 4, 7th ¶, last sentence, as last amended by PL 1975, c. 430, § 14, is repealed.

Sec. 15.   4 MRSA § 174, next to the last ¶, as last amended by PL 1975, c. 430, § 17, is further amended to read:

Fees in criminal and ~~traffic infraction~~ civil violation cases.

Receiving a complaint and issuing a warrant   $10.00

Sec. 16.   4 MRSA § 564, 1st ¶, 3rd sentence, as amended by PL 1975, c. 430, § 19, is amended to read:

In criminal prosecutions or ~~traffic infraction prosecutions~~ civil violation proceedings brought up by appeal from inferior courts, it is sufficient to record the title of the case, the nature and date of the complaint, the name and official character of the judge before whom the case was tried and the sentence or judgment appealed from and its date, to be followed by correct minutes of the proceedings and judgment in the appellate court.

Sec. 17.   15 MRSA § 1901-A is enacted to read:

§ 1901-A.   Costs taxable for State in civil violation proceedings

Costs taxable for the State in civil violation proceedings shall be as follows.

For failure to appear in court on the day specified in response to a civil violation citation or, in traffic infraction cases, in response to a Uniform Traffic Ticket and Complaint, $15.

Unless the defendant shows that his failure to pay was not attributable to a willful refusal to obey the order of the court or to a failure on his part to make a good faith effort to obtain the funds required for the payment, for failure to pay a fine, imposed for the commission of a civil violation, within 30 days of entry of judgment, $25.

Sec. 18.   16 MRSA § 201, as amended by PL 1975, c. 430, § 22, is further amended to read:

§ 201.   Self-incrimination; waiver

No defendant shall be compelled to testify in any action when the cause of action implies an offense against the criminal law ~~or a traffic infraction~~ on his part. If he offers himself as a witness, he waives his privilege of not criminating himself, but his testimony shall not be used in evidence against him in any criminal ~~or traffic infraction~~ prosecution involving the same subject matter.

Sec. 19.   16 MRSA § 251, 1st sentence, as last repealed and replaced by PL 1971, c. 544, § 52, is amended to read:

Witnesses, other than members of the State Police or municipal police officers, in the Supreme Judicial Court, the Superior Court, the District Court or in the probate court, unless the court shall otherwise order, shall receive $10, and before referees, auditors or commissioners specially appointed to take testimony or special commissioners on disputed claims appointed by probate

courts, $10, or before the county commissioners, $10 for each day's attendance and 10¢ a mile for each mile's travel going and returning home.

Sec. 20. 25 MRSA § 1504, 3rd ¶, 1st sentence, as repealed and replaced by PL 1975, c. 369, § 4, is amended to read:

No inspector or member of the State Police shall receive any fee as a complainant or witness, in any civil or criminal proceeding, or for making an arrest, except that whenever members of the State Police are required by any court or prosecuting official to be in attendance in any proceeding as a complainant or a witness at times other than regular working hours, such members shall receive compensation on an hourly basis equal to their current hourly wage.

Sec. 21. 28 MRSA § 1003, as amended by PL 1975, c. 430, § 27, is further amended to read:

§ 1003. Execution of suspension stayed during appeal

If any person adjudicated to be in violation of section 1001 shall appeal from the judgment and sentence of the trial court, the execution of any suspension imposed on his license and right to operate a motor vehicle in this State shall be stayed until adjudication on appeal or withdrawal of the appeal.

Sec. 22. 29 MRSA § 1, sub-§ 1; sub-§ 1-A, as enacted by PL 1965, c. 202, § 1 and as amended; sub-§§ 1-B to 1-F, as enacted by PL 1967, c. 245, § 1 and as amended, are repealed and the following enacted in place thereof:

1. Adjudication. "Adjudication" shall mean a finding by a judge of the District Court that a person has committed a traffic infraction, and shall include the entry of a plea, by a person charged with the commission of a traffic infraction, admitting the infraction charged.

1-A. Antique motor car. "Antique motor car" shall mean any motor vehicle over 25 years old which is maintained solely for use in exhibitions, club activities, parades and other functions of public interest and which is not used primarily for the transportation of passengers or goods over any way.

1-B. Authorized emergency vehicle. "Authorized emergency vehicle" shall mean vehicles of the fire department, police vehicles and such ambulances and emergency vehicles of municipal departments or public service corporations as are designated or authorized by the Commissioner of Transportation.

1-C. Automobile. "Automobile" shall mean a motor vehicle designed for the conveyance of passengers with a seating capacity of not more than 14 persons.

1-D. Bicycle. "Bicycle" shall mean every device propelled by human power upon which any person may ride, having 2 tandem wheels either of which is more than 20 inches in diameter.

1-E. Bus. "Bus" shall mean every motor vehicle designed for carrying more than 14 passengers and used for the transportation of passengers; and

every motor vehicle, other than a taxicab, designed and used for the transportation of persons for compensation.

1-F.  Business or residence district.  "Business or residence district" shall mean the territory of any municipality contiguous to any way which is built up with structures which are situated less than 150 feet apart for a distance of at least ¼ of a mile.

1-G.  Camp trailer.  "Camp trailer" shall mean:

A.  A trailer or semitrailer of less than 32 feet in length primarily designed and constructed to provide temporary living quarters for recreational, camping, travel or other use; or

B.  A manufactured or homemade tent trailer, so called, which consists of a platform, shelf or box, with means of permanently or temporarily attaching a tent, used to provide temporary living quarters for recreational, camping, travel or other use.

1-H.  Crosswalk.  "Crosswalk" shall mean:

A.  That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured for the curbs, or in the absence of curbs, from the edge of traversable roadways; or

B.  Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface.

Sec. 23.  29 MRSA § 1, sub-§ 17-C, as enacted by PL 1975, c. 430, § 28, is amended to read:

17-C.  Traffic infraction.  "Traffic infraction" shall mean any violation of any provision of this Title, or of any rules or regulations established thereunder, not expressly defined as a felony or misdemeanor, and otherwise not punishable by incarceration or by a fine of more than $500.  A traffic infraction is not a crime, but is a civil violation and the penalty therefor shall not be deemed for any purpose a penal or criminal punishment.  There shall be no right to trial by jury for a traffic infraction.

The term "traffic infraction" as used in any public or private law of this State, or in any rule or regulation adopted pursuant to any law of this State, shall have this same meaning and effect.

Sec. 24.  29 MRSA § 55-B, 1st sentence, as enacted by PL 1971, c. 109, is amended to read:

Reports of records pertaining to convictions, adjudications, accidents, suspensions, revocations and other information required by commercial users shall be furnished by the Secretary of State at a fee of $2 for each request upon receipt of such request from an individual, insurance company or other party requiring such information.

Sec. 25.  29 MRSA § 102, 1st ¶, as amended by PL 1975, c. 430, § 29, is further amended to read:

Except as section 2243 provides for reciprocity with other states, any resident of this State and any owner, as defined in section 1, who ~~knowingly~~ fails to register any vehicle to be operated or to remain on any way in this State shall be punished by a fine of not less than $25 nor more than $500 or by imprisonment for not more than 90 days, or by both, except that residents of this State who have been required to register a vehicle in another state may operate said vehicle in this State for a period not to exceed a total of 30 calendar days in any one year.

Sec. 26.    29 MRSA § 111, sub-§ 2, as last repealed and replaced by PL 1975, c. 430, § 30, is repealed and the following enacted in place thereof:

2.    Presentation.    No person charged with violating this section shall be adjudicated to have committed a traffic infraction if he produces in court a certificate of registration theretofore issued for said vehicle and valid at the time of the issuance of the summons. If the person charged shall exhibit to a law enforcement officer designated by the summoning officer such certificate of registration, not later than 24 hours before the time set for the court appearance, then the traffic infraction proceeding shall be dismissed.

Sec. 27.    29 MRSA § 113, 2nd sentence, as enacted by PL 1975, c. 430, § 31, is repealed.

Sec. 28.    29 MRSA § 151, last ¶, as enacted by PL 1975, c. 430, § 32, is repealed.

Sec. 29.    29 MRSA § 193, 1st ¶, last sentence, as enacted by PL 1975, c. 430, § 33, is repealed.

Sec. 30.    29 MRSA § 242, sub-§ 1, ¶ D, last sentence is amended to read:

Any person who shall operate or move any vehicle under registration provided for herein outside the routes specified shall, upon ~~conviction~~ adjudication, be punished by a fine of not less than $25 nor more than $200.

Sec. 31.    29 MRSA § 342, last ¶, as enacted by PL 1975, c. 430, § 34, is amended to read:

~~Willful failure~~ Failure to obtain such a license or to comply with any provision of sections 347 or 348-A shall be a misdemeanor.

Sec. 32.    29 MRSA § 361, 2nd ¶, 2nd sentence, as enacted by PL 1975, c. 430, § 35, is amended to read:

~~Willful failure~~ Failure to keep such a record shall be a misdemeanor.

Sec. 33.    29 MRSA § 531, 1st ¶, last sentence, as enacted by PL 1975, c. 430, § 36, is repealed and the following enacted in place thereof:

Any person who operates a motor vehicle on any way without being duly licensed or without holding a valid instruction permit or in violation of any condition or restriction placed on the use of an instruction permit or operator's license under the authority of this subchapter shall be punished by a fine of not less than $25 nor more than $500 or by imprisonment for not more than 90 days, or by both.

Sec. 34.    29 MRSA § 531, 4th ¶ from the end is amended to read:

Any person who operates a vehicle or combination of vehicles not included within the class of license issued to him is deemed to be operating a vehicle without being duly licensed ~~and is subject to the general penalties for such offenses as provided in section 2303~~.

Sec. 35.    29 MRSA § 531-B, as enacted by PL 1967, c. 239, is amended to read:

§ 531-B.    License or permit to be carried and exhibited on demand

Every licensee, including persons to whom a temporary driver's license has been issued, and every person to whom an instruction permit has been issued shall have his operator's license or instruction permit in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a police officer. No person charged with violating this section shall be ~~convicted~~ adjudicated to have committed a traffic infraction if he produces in court an operator's license or instruction permit theretofore issued to him and valid at the time of the issuance of a court summons. If the person charged shall exhibit to a law enforcement officer designated by the summonsing officer such an operator's license or instruction permit, not later than 24 hours before the time set for the court appearance, then the ~~complaint shall not issue~~ traffic infraction proceeding shall be dismissed.

Sec. 36.    29 MRSA § 532, as last amended by PL 1975, c. 589, § 19, is further amended by adding at the end a new paragraph to read:

No person to whom an instruction permit has been issued shall operate a motorcycle or motor driven cycle other than during daylight hours or carry any passenger on a motorcycle or motor driven cycle unless such passenger is the holder of a valid license to operate a motorcycle.

Sec. 37.    29 MRSA § 533, last sentence, as amended by PL 1965, c. 130, is repealed.

Sec. 38.    29 MRSA § 534, last sentence, as amended by PL 1975, c. 430, § 37, is repealed.

Sec. 39.    29 MRSA § 537, as last amended by PL 1975, c. 430, § 38, is repealed.

Sec. 40.    29 MRSA § 726, 3rd sentence, as enacted by PL 1975, c. 430, § 39, is amended to read:

~~Willful failure~~ Failure to keep such records shall be a misdemeanor.

Sec. 41.    29 MRSA § 782, sub-§ 1, as last amended by PL 1973, c. 166, is further amended to read:

1.    Suspension of licenses.    Upon receipt of an abstract of the record in ~~ease~~ cases of conviction or adjudication of any person for a violation of any state law relative to motor vehicles, the Secretary of State, in his discretion, may forthwith suspend the license of the person so convicted or adjudicated. and the registration certificates and registration plates issued for any motor

vehicle, trailer or semitrailer registered in the name of such person unless and until such person gives and thereafter maintains for a period of 3 years proof of his financial responsibility in the limits of $20,000 each individual, $40,000 any one accident resulting in injury or death to one or more persons and $10,000 for damage to property of others. The Secretary of State shall take action as required in this section upon receiving proper evidence of any such conviction or adjudication of any person in another state. The Secretary of State may waive the requirement of filing proof of financial responsibility at any time after 3 years from the date of request for compliance.

**Sec. 42.   29 MRSA § 783, sub-§ 2, ¶ C, last sentence** is amended to read:

Any person, who, after notice of such suspension, fails or refuses to return every such license, registration ~~certificates~~ certificate and registration ~~plates~~ plate to the ~~said~~ Secretary of State ~~may, upon conviction, be punished by a fine of not more than $25~~ shall be guilty of a misdemeanor.

**Sec. 43.   29 MRSA § 783, sub-§ 5, ¶ C** is amended to read:

C.  To either the owner or operator of a motor vehicle, trailer or semi-trailer involved in an accident that was caused by the ~~criminal~~ act of a 3rd party, ~~for~~ which ~~criminal~~ act **constituted a violation of this Title and for which violation** such 3rd party has been convicted **or adjudicated**;

**Sec. 44.   29 MRSA § 891, 3rd ¶, 3rd sentence** is amended to read:

Any person failing to comply with the requirements of this paragraph shall be guilty of a misdemeanor ~~and shall be punished by a fine of not more than $100 or by imprisonment for not more than 90 days, or by both~~.

**Sec. 45.   29 MRSA § 897, last paragraph,** as enacted by PL 1975, c. 430, § 43, is amended to read:

Whoever ~~willfully~~ fails to comply with this section shall be guilty of a misdemeanor.

**Sec. 46.   29 MRSA § 898, last ¶,** as enacted by PL 1975, c. 430, § 44, is amended to read:

Whoever ~~willfully~~ fails to comply with this section shall be guilty of a misdemeanor.

**Sec. 47.   29 MRSA § 900** is repealed.

**Sec. 48.   29 MRSA § 902, 2nd ¶, 3rd sentence,** as last amended by PL 1971, c. 593, § 22, is further amended to read:

The municipal officers of each municipality shall, within their respective municipalities, have the same power as the chief and members of the State Police in the enforcement of this section and of all rules and regulations promulgated by the Department of Transportation, the county commissioners and the municipal officers of towns pertaining thereto ~~and in arresting all violators thereof and in prosecuting all offenders against the same~~.

**Sec. 49.   29 MRSA § 959, 2nd sentence** is amended to read:

The operator of such vehicle failing to so stop shall be guilty of a misdemeanor ~~and, upon conviction thereof, shall be punished by a fine of not more than $200~~.

Sec. 50.   29 MRSA § 998, last ¶ is amended to read:

Whoever violates this section shall ~~upon conviction, be punished as provided by section 900~~ be guilty of a misdemeanor.

Sec. 51.   29 MRSA § 1254, 2nd sentence, as last amended by PL 1969, c. 55, is further amended to read:

The results of any such measurements shall be accepted as prima facie evidence of the speed of the motor vehicle under surveillance in any court in criminal or traffic infraction proceedings where the speed of the motor vehicle under surveillance is at issue.

Sec. 52.   29 MRSA § 1313 is repealed and the following enacted in place thereof:

§ 1313.   Homicide; revocation of license

The license of any person who, as a result of his operation of a motor vehicle in such a manner as to cause the death of any person, is convicted of a violation of Title 17-A, sections 201-205, or attempt thereof, shall be revoked immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing. In case of an appeal, the license shall be suspended during the course of the appeal unless the trial court shall otherwise order, and the revocation shall start when and if the conviction is upheld. No person whose license or permit to operate a motor vehicle has been so revoked shall be licensed again or permitted to operate a motor vehicle for a period of 5 years from the time such license is revoked, except that in cases of conviction of Title 17-A, section 204 or 205, the Secretary of State may, after 2 years have elapsed from the date of such revocation, restore such license or permit with or without conditions or restrictions. For the purposes of this section and section 1312, a person shall be deemed to have been convicted if he pleaded guilty or nolo contendere or was otherwise adjudged or found guilty by a court of competent jurisdiction.

Sec. 53.   29 MRSA § 1314, as amended by PL 1971, c. 449, § 3, is further amended by adding at the end the following new sentence:

Any violation of this section shall be a misdemeanor.

Sec. 54.   29 MRSA § 1315, as last amended by PL 1973, c. 567, § 20, is repealed.

Sec. 55.   29 MRSA § 1316, 1st sentence, as amended by PL 1967, c. 97, is further amended to read:

Any person who operates a motor vehicle in violation of any law of this State or any rule or regulation adopted pursuant to any law of this State, ~~other than a violation of section 1315~~ and said violation is the proximate cause of the

death of another person, when the death of such person results within one year, shall be guilty of a criminal offense.

Sec. 56.   29 MRSA § 1963, 1st sentence is amended to read:

Any person of the age of 17 years or over who violates any of the provisions of sections 1961 and 1962 shall, upon ~~conviction~~ adjudication, be punished by a fine of not more than $10.

Sec. 57.   29 MRSA § 2016, 2nd ¶, as enacted by PL 1973, c. 780, § 4, is amended to read:

The operator of a school bus failing to **so** stop or to yield the right of way to any train, engine or conveyance on said track or tracks shall be guilty of a misdemeanor and on conviction thereof ~~shall~~ be ~~punished by a fine of not less than $200 nor more than $500 and~~ his permission to operate any school bus shall be ~~suspended~~ revoked by the Secretary of State for a period of not less than 2 years.

Sec. 58.   29 MRSA § 2121, 3rd sentence is amended to read:

Such law enforcement officer, in uniform and if he has probable cause to believe that a violation of law has taken or is taking place, may, at any time, stop a motor vehicle for the purpose of arresting **in the case of a criminal violation or summonsing in the case of a criminal violation or a traffic infraction**, or questioning the owner or occupant thereof ~~or for the purpose of searching said motor vehicle~~.

Sec. 59.   29 MRSA § 2121, 2nd ¶, as amended by PL 1965, c. 431, § 21 is further amended by adding at the end the following new sentence.

**Failure to comply with this requirement shall be a misdemeanor.**

Sec. 60.   29 MRSA § 2122, 1st ¶, last 2 sentences are amended to read:

~~The owner or operator of said vehicle shall produce the certificate of inspection upon demand of any police officer~~ It shall be unlawful, except as otherwise provided, for any person to operate a vehicle on the highways of this State unless said vehicle has been inspected ~~and bears a certificate as provided in this section~~.

Sec. 61.   29 MRSA § 2122-A is enacted to read :

§ 2122-A.   Failure to display inspection certificate

It shall be unlawful for any owner or operator, or both, of any vehicle required to be inspected under section 2122 to operate or permit to be operated such vehicle without having displayed thereon a current and valid certificate of inspection or fail to produce same on demand of any police officer.

Sec. 62.   29 MRSA § 2123, 1st sentence is repealed.

Sec. 63.   29 MRSA § 2183, last ¶ as enacted by PL 1975, c. 430, § 49, is amended to read:

Whoever ~~willfully~~ violates ~~any provision of~~ this section shall be guilty of a misdemeanor.

356

Sec. 64. 29 MRSA § 2186, last ¶, as enacted by PL 1975, c. 430, § 50, is amended to read:

Whoever ~~willfully~~ violates ~~any provision of~~ this section shall be guilty of a misdemeanor.

Sec. 65. 29 MRSA § 2241, sub-§ 1, ¶¶ A and B, as enacted by PL 1971, c. 292, § 1, are amended to read:

A. Has committed an offense for which mandatory suspension or revocation of license **or registration** is required upon conviction **or adjudication**;

B. Has been convicted **or adjudicated** with such frequency of ~~serious~~ offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and disregard for the safety of other persons on the highways;

Sec. 66. 29 MRSA § 2241, sub-§ 2, 1st 3 sentences, as enacted by PL 1971, c. 292, § 1, are amended to read:

For the purpose of identifying habitually reckless or negligent drivers and habitual or frequent violators of traffic regulations governing the movement of vehicles, the Secretary of State shall adopt regulations establishing a uniform system of assigning demerit points for convictions **or adjudications** of violations ~~regulating~~ **of** statutes or regulations governing the operation of motor vehicles. The regulations **adopted by the Secretary of State** shall include a designated level of point accumulation which so identifies drivers. The Secretary of State may assess points for convictions **or adjudications** in other states of offenses which, if committed in this State, would be grounds for such assessment.

Sec. 67. 29 MRSA § 2241, next to last ¶ is amended to read:

Any person who, after notice of such suspension or revocation, fails or refuses to obey any order of the Secretary of State under this section or fails or refuses to surrender to the Secretary of State, upon dmand, any operator's license **or registration** issued in this State or any other state which has been suspended, cancelled or revoked by proper authority in this State or any other state, as provided by law shall be ~~punished as provided~~ **guilty of a misdemeanor** ~~in section 2303~~.

Sec. 68. 29 MRSA § 2241, last ¶, as last amended by PL 1975, c. 611, is amended to read:

The original license issued to a new applicant shall be a provisional license for a period of one year following the date of issue and shall remain in force as a nonprovisional license to the 2nd birthday following the date of issue. If a person is convicted of **or adjudicated to have committed** a motor vehicle moving violation while in possession of a provisional license, on the first offense the license shall be suspended for 30 days. If he is convicted of **or adjudicated to have committed** a 2nd ~~offense~~ **moving violation**, his license shall be suspended for 60 days and ~~in the event of~~ **if he is convicted of or adjudicated to have committed** a 3rd ~~conviction~~ **moving violation**, the license shall be suspended to the date of its expiration or for 90 days, whichever shall be

the longer period of time. ~~Except that~~ In such cases a hearing may be requested of the Secretary of State, and the Secretary of State shall afford said provisional licensee opportunity for hearing as soon as practicable after receipt of such request. Upon such hearing, the Secretary of State, for good cause shown, may continue, modify or rescind the suspension. This paragraph shall not prevail when a person is convicted of or adjudicated to have committed an offense which carries a suspension or revocation period greater than that prescribed in this paragraph.

Sec. 69. 29 MRSA § 2241-C, last ¶, as enacted by PL 1975, c. 430, § 53, is amended to read:

Whoever ~~willfully~~ violates this section shall be punished by a fine of not less than $50 nor more than $500 or by imprisonment for not more than 90 days, or by both.

Sec. 70. 29 MRSA § 2271, sub-§ 3, as enacted by PL 1971, c. 410, is amended to read:

3. **Discourage repetition.** To discourage ~~repetition of criminal actions~~ repeated violations by individuals ~~against the peace and dignity of the State and its political subdivisions~~ and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who ~~have been convicted~~ repeatedly ~~of violations of~~ violate traffic laws.

Sec. 71. 29 MRSA § 2272, 1st ¶, as enacted by PL 1971, c. 410, is amended to read:

An habitual offender shall be any person, resident or nonresident, whose record, as maintained in the office of the Secretary of State, shows that such person has accumulated the convictions or adjudications for separate and distinct offenses described in subsections 1, 2 and 3, committed within a 5-year period, provided that where more than one included offense shall be committed within a 1-day period such multiple offenses shall be treated for the purposes of this chapter as one offense:

Sec. 72. 29 MRSA § 2272, sub-§ 2, as enacted by PL 1971, c. 410, is amended to read:

2. **Ten or more convictions or adjudications.** Ten or more convictions or adjudications of separate and distinct offenses involving moving violations, singularly or in combination, in the operation of a motor vehicle which are required to be reported to the Secretary of State and the commission whereof authorizes the Secretary of State or authorizes a court to suspend or revoke the privilege to operate motor vehicles on the highways of this State for a period of 30 days or more for each offense and such convictions or adjudications shall include those offenses enumerated in subsection 1 when taken with and added to those offenses described.

Sec. 73. 29 MRSA § 2272, sub-§ 3, as enacted by PL 1971, c. 410, is amended to read:

3. **Inclusions.** The offenses included in subsections 1 and 2 shall be deemed to include offenses under any federal law, any law of another state

or any valid town, city or county ordinance ~~of another state~~ substantially conforming to the aforesaid state statutory provisions.

Sec. 74.   29 MRSA § 2273, as enacted by PL 1971, c. 410 and as amended by PL 1971, c. 622, § 93, is further amended to read:

**§ 2273.   Computation of number of convictions and adjudications**

In computing the number of convictions and adjudications all convictions and adjudications must result from offenses occurring subsequent to September 23, 1971.

Sec. 75.   29 MRSA § 2274, as enacted by PL 1971, c. 410, is amended to read:

**§ 2274.   Transcript**

The Secretary of State shall certify 3 transcripts or abstracts of the conviction or adjudication record as maintained in the office of the Secretary of State of any person whose record brings him within the definition of an habitual offender, as defined in section 2272, to the Attorney General.  Such transcript or abstract may be admitted as evidence.  Such transcript or abstract shall be prima facie evidence that the person named therein was duly convicted or adjudicated by the court, wherein such conviction or adjudication or holding was made, of each offense shown by such transcript or abstract, and if such person shall deny any of the facts as stated, he shall have the burden of proving that such is untrue.

Sec. 76.   29 MRSA § 2300, sub-§ 4, as enacted by PL 1975, c. 430, § 54, is amended to read:

4.  **When a lawful complaint.**   In the event that the traffic citation provided under this section includes information and is sworn to as required under the general laws of this State in respect to a complaint charging commission of the offense alleged in said citation to have been committed, then such citation when filed with a court having jurisdiction shall be deemed a lawful complaint for the purpose of ~~prosecution~~ **the commencement of any traffic infraction proceeding or the prosecution of a misdemeanor** under this Title.

Sec. 77.   29 MRSA § 2300, sub-§ 5 is enacted to read:

5.  **Refusal to sign.**   Any person who refuses to sign such Uniform Traffic Ticket and Complaint after having been ordered to do so by a law enforcement officer shall be guilty of a misdemeanor.

Sec. 78.   29 MRSA § 2301-A, as enacted by PL 1969, c. 339, § 2, and as amended by PL 1971, c. 394, § 9, is further amended to read:

**§ 2301-A.   Suspension on nonappearance**

If a person fails to appear in court on the day specified in response to a summons or order of court for any violation of any provision of this Title, **or in response to a Uniform Traffic Ticket and Complaint or for any further appearance ordered by the court, including one for the payment of a fine,**

either in person or by counsel, the court shall notify the Secretary of State, who may suspend ~~or revoke~~ his license, if licensed in this State, or suspend ~~or revoke~~ his right to operate motor vehicles in this State, if a nonresident and not licensed in this State.

Sec. 79.    29 MRSA § 2302-A, as enacted by PL 1975, c. 430, § 56, is repealed.

Sec. 80.    29 MRSA § 2302-B, as enacted by PL 1975, c. 430, § 56, is repealed.

Sec. 81.    29 MRSA § 2303, sub-§ 1, as repealed and replaced by PL 1975, c. 430, § 57, is amended to read:

1.    **Traffic infraction; violation.**    Any violation ~~of this Title~~ defined as a traffic infraction shall be punished by a fine of not less than $25 nor more than $250 when no other penalty is specifically provided.

Sec. 82.    29 MRSA § 2303-A is enacted to read:

**§ 2303-A.    Criminal Code sentencing classifications inapplicable**

Notwithstanding Title 17-A, section 4, subsection 1, the provisions of Title 17-A, section 4, shall not apply to any violations of this Title.

Sec. 83.    29 MRSA § 2371, sub-§ 3, last sentence, as enacted by PL 1975, c. 430, § 61, is amended to read:

~~Willful failure~~ Failure to comply with this requirement shall be a misdemeanor.

Sec. 84.    29 MRSA § 2377, 2nd sentence, as enacted by PL 1975, c. 430, § 62, is amended to read:

~~Willful failure~~ Failure by such an owner or purchaser to comply with this requirement shall be a misdemeanor.

Sec. 85.    30 MRSA § 501, 3rd sentence, as amended by PL 1973, c. 567, § 11, is further amended to read:

He or someone acting under his direction shall prosecute to final judgment all traffic infraction cases, and he shall prosecute to final judgment and execution all civil cases in which the State is a party in any county within his prosecutorial district and shall institute proceedings against sureties on any recognizance upon which the principal and sureties have been defaulted, before the term next succeeding that at which such default was entered upon the docket of the court, unless by order in open court the presiding justice shall grant a delay in proceedings against such sureties.

Sec. 86.    30 MRSA § 502, as last amended by PL 1975, c. 623, § 45A, is further amended to read:

**§ 502.    Criminal proceedings**

The district attorney shall attend all criminal terms held in the counties within the prosecutorial district for which he was elected and act for the State in all cases in which the State or county is a party or interested ~~and unless~~. Unless he makes an order of dismissal as provided, **he or someone**

**acting under his direction** shall diligently and without delay prosecute to final judgment and sentence all criminal ~~and traffic infraction~~ cases before the District Court of any of the counties within his district, and in the absence of the Attorney General from a term in any of the said counties, shall perform his duties in state cases, under directions from him, in any of the said counties, and he shall appear and act for the State with the Attorney General in the law court in all state cases coming into said court from any of the said counties. No additional compensation shall accrue to the district attorney by the discharge of such duties.

Sec. 87. P & SL 1941, c. 69, § 19, as amended by P & SL 1957, c. 199, is further amended to read:

Sec. 19. **Violations.** Any violation of published rules and regulations relating to the turnpike, its use or services or any failure or neglect to pay tolls, fares or charges for use of the turnpike or other services made available in connection with said turnpike, shall be deemed a ~~misdemeanor~~ traffic infraction and shall be punishable by a fine ~~not exceeding $20~~ of not more than $250, provided that nothing herein contained shall prevent the authority from collecting payment for use of the turnpike or any other service in connection with said turnpike by action at law or in equity.

**Emergency clause.** In view of the emergency cited in the preamble, this Act shall take effect March 1, 1977.

## STATEMENT OF FACT

The purposes of this bill are:

Sections 1 and 2:

Definition of term "civil violation" to be applied throughout the statutes.

Section 3:

Replaces current language or terms with language that is applicable to both infractions and criminal offenses.

Section 4:

Removes the restriction which prohibited the payment of fines to the violations clerk when violation was second or subsequent within a 12-month period.

Section 5:

Restricts issuance of arrest warrants to criminal offenses and expressly provides that magistrates may issue a summons for a criminal offense.

Section 6:

Establishes mechanisms for magistrate to order service of Uniform Traffic Ticket and Complaint when a citizen or a law enforcement officer has made complaint to the magistrate.

Sections 7, 10, 11, 15 and 16:

Broaden scope of section to include all civil violations instead of just traffic infractions.

Section 8:

Corrects an inadvertent repeal of the first part of section 173, sub-§ 1, 2nd paragraph and broadens the authority for filing of cases to include civil violations.

Sections 9 and 13:

Correct language which suggested that law enforcement officers had the arrest power in traffic infraction cases and also extend the scope of the subject definition for all civil violations.

Sections 10 and 11:

Same as section 7.

Sections 12, 48 and 58:

Correct language which purports to give law enforcement officers authority to arrest in traffic infraction cases.

Section 13:

Same as section 9.

Section 14:

Repeals language which is in conflict with other provisions of law which provide that under certain circumstances law enforcement officers may be compensated for their expenses in criminal cases.

Section 15:

Same as section 7.

Section 16:

Same as section 7.

Section 17:

This section provides for the assessment of costs when a person fails to appear in a civil violation proceeding or fails to pay, without good cause, a fine imposed for commission of a civil violation within 30 days of judgment.

Section 18:

Restricts the privilege against self-incrimination for criminal offenses.

Section 19:

Excepting state police from scope of section because other provisions of statutes now provide for reimbursement of state police officers.

Section 20:

Authorizes compensation for state police officers who serve as witnesses in traffic infractions or other civil violation cases in their off-duty hours.

Sections 21, 30 and 56:

Remove from a section which applies only to traffic infractions language which is associated with criminal offenses.

Section 22:

Adds a definition of the term "adjudication."

Section 23:

Makes clear that the definition of the term "traffic infraction" in Title 29 applies when that term is used in any other Title of the Statutes or in any private law or administrative regulation. It also makes clear that a traffic infraction is a civil violation.

Sections 24, 41, 43, 51. 65, 66, 67, 70, 71, 72, 74 and 75:

Include language which insures that the provisions of sections apply for traffic infractions as well as criminal offenses.

Sections 25, 31, 32, 40, 45, 46, 63, 64, 69, 83 and 84:

Remove the requirement that the offense defined in this section must be committed willfully or knowingly because such offense historically has never involved such a requirement.

Section 26:

Makes failure to carry a certificate of registration an infraction instead of a misdemeanor and provides that the traffic infraction proceedings will be dismissed if the person charged presents a valid certificate to the court or to an officer no later than 24 hours before the scheduled court appearance.

Section 27:

Makes failure to surrender registration plates to the Secretary of State in cases of suspension, revocation or expiration a traffic infraction rather than a misdemeanor.

Section 28:

Makes failure to return certificate of registration to the Secretary of State in cases of transfer of ownership an infraction rather than a misdemeanor.

Section 29:

Makes failure by certain state officials who vacate their office, to surrender their number plates and registration certificates to the Secretary of State an infraction rather than a misdemeanor.

Section 30:

Same as section 21.

Section 31 :

Same as section 25.

Section 32 :

Same as section 25.

Sections 33, 34 and 38 :

Consolidate into one section the penalty provision for operating without a license or permit or in violation of conditions placed on a license or permit.

Sections 35 and 37 :

Require that instruction permits and temporary licenses be carried by the person to whom they have been issued and make it an infraction not to do so and provide that the infraction proceeding will be dismissed if said person presents a valid permit or temporary license to the court or to an officer before the scheduled court appearance.

Sections 36 and 39 :

Relocate provisions in Title 29, section 537 relating to operation of motorcycles with a learner's permit to Title 29, section 532.

Section 38 :

Same as sections 33 and 34.

Section 40 :

Same as section 25.

Section 41 :

Same as section 24.

Section 42 :

Clarifies language and makes the general penalty provisions of section 2303, subsection 2 applicable.

Section 43 :

Same as section 24.

Sections 44, 49 and 50 :

Make general penalty provisions of section 2303, subsection 2, applicable.

Section 45 :

Same as section 25.

Section 46 :

Same as section 25.

Section 47 :

Offense defined by section 900 is now defined by section 360 of the Criminal Code (Title 17-A).

Section 48:

Same as section 12.

Section 49:

Same as section 44.

Section 50:

Same as section 44.

Section 51:

Same as section 24.

Sections 52 and 54:

Repeal vehicular homicide statutes now covered by the Criminal Code (Title 17-A) and provides for license revocation procedure upon conviction of a violation of any provisions of Title 17-A, sections 201-205, in which the death of a person is caused by a motor vehicle.

Section 53:

Makes driving to endanger a misdemeanor.

Section 55:

Insures that violations of Maine Turnpike rules and regulations which result in death will come within the scope of this section.

Section 56:

Same as section 21.

Section 57:

Same as section 44 and also provides for revocation of license for violation of section instead of suspension.

Section 58:

Same as section 12 and repeals language which purports to give officers authority to search motor vehicles without a warrant in cases where no emergency circumstances exist.

Sections 59, 60, 61 and 62:

Make failure to display an inspection certificate an infraction instead of a misdemeanor and remove from section 2122 language which will now be contained in new section 2122-A.

Section 63:

Same as section 25.

Section 64:

Same as section 25.

Section 65:

Same as section 24.

Section 66:

Same as section 24.

Section 67:

Clarifies reference to general penalty provisions and requires the surrender of registration as well as operator's license.

Section 68:

Same as section 24.

Section 69:

Same as section 25.

Section 70:

Same as section 24.

Section 71:

Same as section 24.

Section 72:

Same as section 24.

Section 73:

Makes clear that the municipal or county ordinances to be considered under the habitual offender statute shall be ordinances of municipalities or counties with this State and not those of another state.

Section 74:

Same as section 24.

Section 75:

Same as section 24.

Section 76:

Makes clear that the Uniform Traffic Ticket and Complaint is a lawful complaint for all traffic infraction proceedings, regardless of whether the proceeding arises under Title 29, any other Title, any private law or any administrative regulation.

Section 77:

Makes a person's refusal to sign a Uniform Ticket and Complaint a misdemeanor.

Section 78:

Provides that the district court shall notify the Secretary of State of a person's failure to appear in response to a Uniform Traffic Ticket and Complaint and in response to any subsequent appearance ordered by the court. This section is intended to assist in the enforcement of the traffic laws and in the collection of fines imposed by the court pursuant to those laws.

Section 79:

Repeals the provision making the commission of 3 or more traffic infractions within a 12-month period a crime.

Section 80:

Repeals the provision that elevates a traffic infraction to a criminal offense when the infraction results in personal injury or property damage.

Section 81:

Makes general traffic infraction penalty in section 2303 applicable to all traffic infractions whether defined in Title 29 or elsewhere.

Section 82:

Makes the sentence classification provisions of the Criminal Code (Title 17-A) inapplicable to any violations of Title 29.

Section 83:

Same as section 25.

Section 84:

Same as section 25.

Sections 85 and 86:

Take the reference to traffic infractions out of Title 30, section 502 and relocate it in Title 30, section 501. Also grant to the district attorney, discretion as to whether to prosecute to final execution judgments in traffic infracion cases and provide that in both traffic infraction cases and in Superior Court criminal cases the district attorney or someone acting under his discretion may prosecute the case.

Section 87:

Makes violations of the rules of the Maine Turnpike Authority traffic infractions rather than misdemeanors.

(EXHIBIT B)

(EMERGENCY)
FIRST SPECIAL SESSION

# ONE HUNDRED AND SEVENTH LEGISLATURE

**Legislative Document**                                    **No. 2217**

S. P. 697                                    In Senate, February 17, 1976
    Referred to Committee on Judiciary. Sent down for concurrence and
ordered printed.
                          HARRY N. STARBRANCH, Secretary
    Presented by Senator Collins of Knox.
    Cosponsor: Senator Clifford of Androscoggin.

## STATE OF MAINE

IN THE YEAR OF OUR LORD NINETEEN HUNDRED
SEVENTY-SIX

### AN ACT to Revise the Maine Criminal Code as Recommended by the Criminal Law Revision Commission.

**Emergency preamble.** Whereas, Acts of the Legislature do not become effective until 90 days after adjournment unless enacted as emergencies; and

Whereas, the Maine Criminal Code as enacted by the 107th Legislature will become effective March 1, 1976 and several sections have been found to need amendment, correction or clarification; and

Whereas, the prompt correction of these problems will enable all sections of the Criminal Code, as amended, to become effective on the same date, enhancing an orderly transition to the application of the provisions of the new Code; and

Whereas, in the judgment of the Legislature, these facts create an emergency within the meaning of the Constitution of Maine and require the following legislation as immediately necessary for the preservation of the public peace, health and safety; now, therefore,

Be it enacted by the People of the State of Maine, as follows:

Sec. 1. 17 MRSA § 330, sub-§ 1, as enacted by PL 1973, c. 735, § 3 and as amended by PL 1975, c. 410, § 1, is repealed and the following enacted in place thereof:

1. Game of chance. "Game of chance" shall mean a game, contest, scheme or device in which a person stakes or risks something of value for an oppor-

tunity to win something of value and in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestant or participant may also be a factor therein. For the purposes of this chapter, "Beano" or "Bingo" is not to be included in this definition.

Sec. 2.   17 MRSA § 330, sub-§ 8 is enacted to read:

8.   Something of value.   "Something of value" means any money or property, any token, object or article exchangeable for money or property, or any form of credit or promise directly or indirectly contemplating transfer of money or property, or of any interest therein, or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge.

Sec. 3.   17 MRSA § 331, sub-§ 1, as enacted by PL 1973, c. 735, § 3 and as repealed and replaced by PL 1975, c. 424, § 1, is amended to read:

1.   License required.   No person, firm, corporation, association or organization shall hold, conduct or operate a game of chance within the State unless a license therefor is obtained from the Chief of the State Police, or the game of chance constitutes "social gambling" as that term is defined by Title 17-A, section 952, subsection 8.

Sec. 4.   17 MRSA §1461, as enacted by PL 1969, c. 418, is repealed.

Sec. 5.   17 MRSA § 1952, as enacted by PL 1971, c. 539, § 11, is repealed.

Sec. 6.   17 MRSA §§ 2302 and 2303 are repealed.

Sec. 7.   17 MRSA § 3704, as enacted by PL 1967, c. 176, is repealed.

Sec. 8.   17-A MRSA § 1, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended to read:

2.   This code shall become effective ~~March~~ April 1, 1976, and it shall apply only to crimes committed subsequent to its effective date. Prosecution for crimes committed prior to the effective date shall be governed by the prior law which is continued in effect for that purpose as if this code were not in force; provided ~~however~~ that in such prosecution the court may, with the consent of the defendant, impose sentence under the provisions of the code. In such cases, the sentencing authority of the court is determined by the application of section 4 to the prior law; provided that the provisions of section 4 relating to civil violations shall not apply to offenses committed prior to the effective date of the code. For purposes of this section, a crime was committed subsequent to the effective date if all of the elements of the crime occurred on or after that date; a crime was not committed subsequent to the effective date if any element thereof occurred prior to that date.

Sec. 9.   17-A MRSA § 2, sub-§ 23, as enacted by PL 1975, c. 499, § 1, is amended to read:

23.   "Serious bodily injury" means a bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or loss or ~~extended~~ substantial impairment of the function of any bodily member or organ, or extended convalescence necessary for recovery of physical health.

**Sec. 10.** 17-A MRSA § 4, sub-§ 2, 3rd sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

In statutes defining crimes which are outside this code **and which are not expressly designated as Class A, Class B, Class C, Class D or Class E crimes,** the class depends upon the imprisonment penalty that is provided as follows.

**Sec. 11.** 17-A MRSA § 4, sub-§ 3, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

3.   If a criminal statute outside the code prohibits defined conduct but does not provide an imprisonment penalty, it is a civil violation when the statute is violated by a human being acting solely on his own behalf. When the violation is by a human being acting, at least in part, on behalf of an organization, the conduct is criminal as to the organization and the human being and is classified pursuant to subsection 4. Civil violations may also be expressly provided for in a statute defining prohibited conduct. All civil violations are expressly declared not to be criminal offenses. They are enforceable by the Attorney General, his representative or any other appropriate public official in a civil action to recover what may be designated a fine, penalty or other sanction, or to secure the forfeiture that may be decreed by the statute.

**Sec. 12.** 17-A MRSA § 4, sub-§ 4, 1st ¶, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

If, under subsection 3, a statute outside this code defines a crime when the prohibited conduct is committed by an organization or by a human being acting, at least in part, on behalf of the organization, unless the prohibited conduct is expressly declared to constitute a civil violation, the sentencing class is determined by the maximum amount of the fine provided as follows:

**Sec. 13.** 17-A MRSA § 5, sub-§ 2, ¶ A, as enactd by PL 1975, c. 499, § 1, is amended to read:

A.   By allegation in the indictment, or information **or complaint;** or

**Sec. 14.** 17-A MRSA § 5, sub-§ 4, as enacted by PL 1975, c. 499, § 1, is repealed.

**Sec. 15.** 17-A MRSA § 9, sub-§ 3, as enacted by PL 1975, c. 499, § 1, is amended to read:

3.   The District Courts shall have jurisdiction to try **civil violations,** Class D and E crimes, to impose sentence in class **A, B and C crimes in which the District Court has accepted a plea of guilty** and to bind over for the grand jury all other cirmes.

**Sec. 16.** 17-A MRSA § 10, sub-§ 4, ¶ C, as enacted by PL 1975, c. 499, § 1, is amended to read:

C.   A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to ~~perceive~~ **be aware** of it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable and prudent person would observe in the same situation.

**Sec. 17.** 17-A MRSA § 13, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

**§ 13. Other offenses**

1. The existence of a crime other than the one charged, but based on the same conduct or arising from the same criminal episode, for which a person may be prosecuted, whether that crime is a lesser or greater crime as to elements or sentencing classification, shall not preclude prosecution for the offense charged unless a contrary legislative intent plainly appears.

2. The court is not required to instruct the jury concerning a lesser offense, unless on the basis of the evidence there is a rational basis for the jury finding the defendant guilty of such lesser offense.

**Sec. 18.** 17-A MRSA § 14, as enacted by PL 1975, c. 499, § 1, is amended to read:

**§ 14. Separate trials**

A defendant shall not be subject to separate trials in the venue of a single court for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses were known to the appropriate prosecuting officer at the time of the commencement of the first trial and were within the ~~jurisdiction~~ venue of a single court, unless the court ~~ordered such separate trials~~ on its own motion or on application of the prosecuting attorney or of the defendant, orders any such charge to be tried separately, if it is satisfied that justice so requires.

**Sec. 19.** 17-A MRSA §§ 15 and 16 are enacted to read:

**§ 15. Arrests**

1. Except as otherwise specifically provided, a law enforcement officer shall have the authority to arrest without a warrant:

A. Any person as to whom he has probable cause to believe he has committed or is committing;

(1) Criminal homicide in the first degree or criminal homicide in the 2nd degree; or

(2) Any Class A, Class B or Class C crime; and

B. Any person committing a Class D or Class E crime in his presence.

2. A law enforcement officer, who has probable cause to believe any person has committed a Class D or Class E crime, may require from such person reasonably credible evidence of his name and address. The provisions of section 16, subsections 2 and 3, shall apply to the refusal or failure of the person to furnish such evidence.

**§ 16. Enforcement of civil violations**

1. A law enforcement officer who has probable cause to believe that a civil violation has been committed shall deliver a citation to such person di-

recting him to appear in the Distirct Court to answer the allegation that he has committed the violation. The citation shall include the signature of the officer, a brief description of the alleged violation, the time and place of the alleged violation and the time, place and date the person is to appear in court. As soon as practicable after service of the citation, the officer shall cause a copy thereof to be filed with the court.

2. Any person to whom a law enforcement officer is authorized to deliver a citation pursuant to subsection 1 who knowingly fails or refuses to provide such officer reasonably credible evidence of his name and address is guilty of a Class E crime, provided that he persists in such failure or refusal after having been informed by the officer of the provisions of this subsection. If such person furnishes the officer evidence of his name and address and the evidence does not appear to be reasonably credible, the officer shall attempt to verify the evidence as quickly as is reasonably possible. During the period such verification is being attempted, the officer may require the person to remain in his presence for a period not to exceed 2 hours. During this period, the person may be subjected only to such search and seizure for weapons as are permitted by the Constitutions of the State and of the United States as to persons lawfully subject to inquiry by a law enforcement officer, but as to whom there are not lawful grounds for arrest. The requirement that the person remain in the presence of the officer shall not be deemed an arrest. An arrest may be made immediately upon the refusal of the person to furnish any evidence of his name and address, or upon the inability of the officer to verify the evidence as provided for in this subsection.

3. If, at any time subsequent to an arrest made pursuant to subsection 2, it appears that the evidence of the person's name and address was accurate, he shall be released from custody and any record of such custody shall show that he was released for that reason. If, upon trial for violating subsection 2, a person is acquitted on the ground that the evidence of his name and address was accurate, the record of acquittal shall show that such was the ground.

4. Any person who fails to appear in court, as directed by a citation served on him pursuant to subsection 1; is guilty of a Class E crime. Upon a failure to appear, the court may issue a warrant of arrest. It is an affirmative defense to prosecution under this subsection that the failure to appear was neither intentional nor knowing.

Sec. 20. 17-A MRSA § 58, sub-§ 1-A is enacted to read:

1-A. In a prosecution for a crime which may be committed intentionally, knowingly or recklessly, where such culpable state of mind is a necessary element, the existence of a reasonable doubt as to such state of mind may be established by evidence of an abnormal condition of mind.

Sec. 21. 17-A MRSA § 58, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended by adding at the end the following new sentence:

An abnormality manifested only by repeated criminal conduct or excessive use of alcohol, drugs or similar substances, in and of itself, does not constitute a "mental disease or defect."

**Sec. 22.**   17-A MRSA § 58-A is enacted to read:

**§ 58-A.   Intoxication**

Intoxication is no defense, affirmative or otherwise, except as follows.

1.   In a prosecution for a crime which may be committed intentionally or knowingly, where such culpable state of mind is a necessary element, the existence of a reasonable doubt as to such state of mind may be established by evidence of intoxication.

2.   In a prosecution for a crime which may be committed recklessly, where such culpable state of mind is a necessary element, the existence of a reasonable doubt as to such state of mind may be established by evidence of intoxication if such intoxication is not self-induced.

3.   As used in this section:

A.   "Intoxication" means a disturbance of mental capacities resulting from the introduction of alcohol, drugs or similar substances into the body; and

B.   "Self-induced intoxication" means intoxication caused when the actor intentionally or knowingly introduces into his body substances which the actor knows or ought to know tend to cause intoxication, unless he introduces them pursuant to medical advice or under such duress as would afford a defense to a charge of crime.

**Sec. 23.**   17-A MRSA § 107, sub-§ 2, ¶ B, sub-¶ (2), as enacted by PL 1975, c. 499, § 1, is amended to read:

(2)   He had made reasonable efforts to advise the person that he is a law enforcement officer attempting to effect an arrest or prevent the escape from arrest and has reasonable grounds to believe that the person is aware of ~~these facts~~ this advice or he reasonably believes that the person to be arrested otherwise knows that he is a law enforcement officer attempting to effect an arrest or prevent the escape from arrest.

**Sec. 24.**   17-A MRSA § 107, sub-§ 2, ¶ B, sub-¶ (3) is enacted to read:

(3)   For purposes of this subparagraph, a reasonable belief that another has committed a crime involving use or threatened use of deadly force means such reasonable belief in facts, circumstances and the law which. if true, would constitute such an offense by such person. If the facts and circumstances reasonably believed would not constitute such an offense, an erroneous though reasonable belief that the law is otherwise justifies the use of force to make an arrest or prevent an escape.

**Sec. 25.**   17-A MRSA § 107, sub-§ 4, as enacted by PL 1975, c. 499. § 1, is amended to read:

4.   A private person acting on his own is justified in using a reasonable degree of nondeadly force upon another when and to the extent that he reasonably believes it necessary to effect an arrest or detention which is lawful for him to make or prevent the escape from such an arrest or detention; ~~of such other whom he reasonably believes to have committed a crime;~~ but he

is justified in using deadly force for such purpose only when he reasonably believes it necessary to defend himself or a 3rd person from what he reasonably believes to be ⁺he imminent use of deadly force.

Sec. 26.   17-A MRSA § 107, sub-§ 6, as enacted by PL 1975, c. 499, § 1, is repealed.

Sec. 27.   17-A MRSA § 108, sub-§ 2, 1st ¶, as enacted by PL 1975, c. 499, § 1, is amended to read:

A person is justified in using deadly force upon another person when he reasonably believes that such other person is about to use unlawful, deadly force against the actor or a 3rd person, or is likely to use any unlawful force against a person present in a dwelling while committing or attempting to commit a burglary of such dwelling, or is committing or about to commit kidnapping, robbery or a forcible sex offense. ~~However~~ A person is not justified in using deadly force on another to defend himself or a 3rd person ~~from deadly force by the other~~:

Sec. 28.   17-A MRSA § 201, sub-§ 2, ¶ A, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

A.   The crimiᵢ al homicide was committed by a person who has been convicted of criminal homicide in the first or 2nd degree.  For the purposes of this paragraph, a person shall be deemed to have been convicted upon the acceptance of a plea of guilty or nolo contendere, or verdict of finding of guilty by a court of competent jurisdiction;

Sec. 29.   17-A MRSA § 201, sub-§ 2, ¶ B, as enacted by PL 1975, c. 499, § 1, is repealed.

Sec. 30.   17-A MRSA § 201, sub-§ 2, ¶ C, as enacted by PL 1975, c. 499, § 1, is amended to read:

C.   The person knowingly created a great risk of death to ~~many~~ 4 or more persons;

Sec. 31.   17-A MRSA § 202, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

1.   A person is guilty of criminal homicide in the 2nd degree if:

A.   He causes the death of another intending to cause such death, or knowing that death will almost certainly result from his conduct; or

B.   He intentionally or knowingly causes another to commit suicide by the use of force, duress or deception.

Sec. 32.   17-A MRSA § 204, sub-§ 1, ¶ B, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

B.   Causes the death of another human being under circumstances which would otherwise be criminal homicide in the first or 2nd degree except that the actor causes the death while under the influence of extreme mental or emotional disturbance upon adequate provocation.

**Sec. 33.** **17-A MRSA § 206, sub-§ 1,** as enacted by PL 1975, c. 499, § 1, is amended to read:

1. A person is guilty of ~~causing or~~ aiding **or soliciting** suicide if he intentionally aids or solicits another to commit suicide, and the other commits or attempts suicide.

**Sec. 34.** **17-A MRSA § 208, sub-§ 1, ¶ C,** as enacted by PL 1975, c. 499, § 1, is amended by adding at the end the following new sentence:

**Such circumstances include, but are not limited to, the number, location or nature of the injuries, or the manner or method inflicted.**

**Sec. 35.** **17-A MRSA § 251, sub-§ 1, ¶ C,** as enacted by PL 1975, c. 499, § 1, is amended to read:

C. "Sexual act" means any act of sexual gratification between 2 persons involving direct physical contact between the sex organs of one and the mouth or anus of the other or direct physical contact between the sex organs of one and the sex organs of the other ~~without penetration~~, or direct physical contact between the sex organs of one and an instrument or device manipulated by the other. **A sexual act may be proved without allegation or proof of penetration.**

**Sec. 36.** **17-A MRSA § 252, sub-§ 1, ¶ A,** as enacted by PL 1975, c. 499, § 1, is amended to read:

A. With any person who has not **in fact** attained his 14th birthday; or

**Sec. 37.** **17-A MRSA § 252, sub-§ 2,** as enacted by PL 1975, c. 499, § 1, is amended to read:

2. It is an affirmative defense **to a prosecution under subsection 1, paragraph B** that the defendant and the victim were living together as man and wife at the time of the crime.

**Sec. 38.** **17-A MRSA § 252, sub-§ 3,** as enacted by PL 1975, c. 499, § 1, is amended to read:

3. Rape is a Class A crime. It is ~~however~~ a defense **to a prosecution under subsection 1, paragraph B,** which reduces the crime to a Class B crime that the victim was a voluntary social companion of the defendant at the time of the crime and had, on that occasion, permitted the defendant sexual contact.

**Sec. 39.** **17-A MRSA § 253, sub-§ 1, ¶ B,** as enacted by PL 1975, c. 499, § 1, is amended to read:

B. The other person has not **in fact** attained his 14th birthday; or

**Sec. 40.** **17-A MRSA § 253, sub-§ 2, ¶¶ B and D,** as enacted by PL 1975, c. 499, § 1, is amended to read:

B. He compels or induces the other to engage in such **sexual intercourse or** sexual act by any threat; or

**D.** The other person is unconscious or otherwise physically incapable of resisting and has not consented to such **sexual intercourse or** sexual act; or

**Sec. 41.** 17-A MRSA § 254, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1. A person is guilty of sexual abuse of a minor if, having attained his ~~18th~~ 19th birthday he engages in sexual intercourse or a sexual act with another person **not his spouse,** who has attained his 14th birthday but has not attained his 16th birthday; provided the actor is at least 5 years older than such other.

**Sec. 42.** 17-A MRSA § 255, sub-§ 1, ¶ C, as enacted by PL 1975, c. 499, § 1, is amended to read:

**C.** The other person has not **in fact** attained his 14th birthday and the actor is at least 3 years older; or

**Sec. 43.** 17-A MRSA § 352, sub-§ 3, ¶ C, as enacted by PL 1975, c. 499, § 1, is amended to read:

**C.** To dispose of the property under circumstances that make it unlikely that the owner will recover it **or that manifest an indifference as to whether the owner will recover it.**

**Sec. 44.** 17-A MRSA § 352, sub-§ 4, 1st sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

"Property of another" includes property in which any person **or government** other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband.

**Sec. 45.** 17-A MRSA § 352, sub-§ 5, ¶ E, as enacted by PL 1975, c. 499, § 1, is amended to read:

**E.** Amounts of value involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated ~~in determining the~~ to charge a single theft of appropriate class or grade ~~of the crime~~. Subject to the requirement that the conduct of the defense shall not be prejudiced by lack of **fair notice or by surprise,** the court may at any time order that a single aggregated count be considered as separate thefts. No aggregated count of theft shall be deemed duplicitous because of such an order and no election shall be required.

**Sec. 46.** 17-A MRSA § 360, sub-§ 1, ¶ C, as enacted by PL 1975, c. 499, § 1, is amended to read:

**C.** Having custody of property pursuant to a rental or lease agreement with the owner thereof whereby such property is to be returned to the owner at a specified time and place, he ~~intentionally~~ knowingly fails to comply with the agreed terms concerning return of such property without

the consent of the owner, for so lengthy a period beyond the specified time for return as to render his retention or possession or other failure to return a gross deviation from the agreement.

Sec. 47. 17-A MRSA § 360, sub-§ 2, last sentence, as enacted by PL 1975, c. 499, § 1, is repealed.

Sec. 48. 17-A MRSA § 361, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended to read:

2. Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a violation of this chapter or of chapter 27 shall give rise to a presumption that the defendant is guilty of the theft or robbery of the property, as the case may be, **and proof that the theft or robbery occurred under circumstances constituting a violation of section 401 also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of the burglary.**

Sec. 49. 17-A MRSA § 362, sub-§ 3, ¶ B, as enacted by PL 1975, c. 499, § 1, is amended to read:

B. The actor has been twice before convicted of ~~the theft of property or services,~~ ~~or~~ **any combination of the following offenses: Theft or violation of section 703 or 708.**

Sec. 50. 17-A MRSA § 401, sub-§ 3, as enacted by PL 1975, c. 499, § 1, is amended to read:

3. A person may be convicted both of burglary and of the crime which he committed or attempted to commit after entering or remaining in the dwelling place, **other building, structure or place of business,** but sentencing for both crimes shall be governed by chapter 47, section 1155.

Sec. 51. 17-A MRSA § 451, sub-§ 1, ¶ A, as enacted by PL 1975, c. 499, § 1, is amended to read:

A. In any official proceeding, a false **material** statement under oath or affirmation, or swears or affirms the truth of a material statement previously made, and he does not believe that the statement to be true; or

Sec. 52. 17-A MRSA § 451, sub-§ 4, 1st sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

It is not a defense to prosecution under this section that the oath or affirmation was administered or taken in an irregular manner or that the declarant was not ~~mentally~~ a competent witness in making ~~to make~~ the statement or was disqualified from doing so.

Sec. 53. 17-A MRSA § 452, sub-§ 3, 1st sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

It is not a defense to prosecution under this section that the oath or affirmation was administered or taken in an irregular manner or that the declarant was not ~~mentally~~ a competent witness in making ~~to make~~ the statement or was disqualified from doing so.

Sec. 54.   17-A MRSA § 501, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended to read:

2.   In a public or private place, he knowingly accosts, insults, taunts or challenges any person with offensive, derisive or annoying words, or by gestures or other physical conduct, which would in fact have a direct tendency to cause a violent response by an ordinary person in the situation of the person so accosted, insulted, taunted or challenged; or

Sec. 55.   17-A MRSA § 501, sub-§ 4, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

4.   **A law enforcement officer or a justice of the peace may forbid any person to violate this section.**

Sec. 56.   17-A MRSA § 506, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

§ 506.   Harassment

1.   **A person is guilty of harassment if:**

A.   By means of telephone he makes any comment, request, suggestion or proposal which is, in fact, offensively coarse or obscene, without the consent of the person called;

B.   He makes a telephone call, whether or not conversation ensues, without disclosing his identity and with intent to annoy, abuse, threaten or harass any person at the called number;

C.   He makes or causes the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number;

D.   He makes repeated telephone calls, during which conversation ensues, solely to harass any person at the called number; or

E.   He knowingly permits any telephone under his control to be used for any purpose prohibited by this section.

2.   The crime defined in this section may be prosecuted and punished in the county in which the defendant was located when he used the telephone, or in the county in which the telephone called or made to ring by the defendant was located.

3.   Harassment is a Class D crime.

Sec. 57.   17-A MRSA § 509, sub-§ 1, ¶ B, as enacted by PL 1975, c. 499, § 1, is amended to read:

B.   He knowingly gives false information to any law enforcement officer, ~~or~~ member of a fire fighting agency, including a volunteer fire department, **or any other person knowing that such other is likely to communicate the information to a law enforcement officer or member of a fire fighting agency,** concerning a fire, explosive or other similar substance which is capable of endangering the safety of persons, knowing that such information is false,

or knowing that he has no information relating to the fire, explosive or other similar substance.

Sec. 58. 17-A MRSA § 510, sub-§ 1, 1st sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

A person is guilty of cruelty to animals if, intentionally, **knowingly** or recklessly:

Sec. 59. 17-A MRSA § 515, sub-§ 1, ¶ B, as enacted by PL 1975, c. 499, § 1, is amended to read:

B. He knowingly sends or publishes a challenge or acceptance of a challenge for such, or carries or delivers such a challenge ~~for~~ or acceptance, or trains or assists any person in training or preparing for such fight, or acts as umpire or judge for such fight.

Sec. 60. 17-A MRSA § 554, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1. A person is guilty of endangering the welfare of a child if ~~except as provided in subsection 2~~ he knowingly permits a child under the age of 16 to enter or remain in a house of prostitution; or he knowingly sells, furnishes, gives away or offers to sell, furnish or give away to such a child, any intoxicating liquor, cigarettes, tobacco, air rifles, firearms or ammunition; or he otherwise knowingly endangers the child's health, safety or mental welfare by violating a duty of care ~~of~~ or protection.

Sec. 61. 17-A MRSA § 556, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

1. A person is guilty of incest if, being at least 18 years of age, he has sexual intercourse with another person as to whom he knows he is related within the 2nd degree of consanguinity.

Sec. 62. 17-A MRSA § 651, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

§ 651. Robbery

1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:

A. He recklessly inflicts bodily injury on another;

B. He threatens to use force against any person present with the intent

(1) to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or

(2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;

C. He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) and (2),

D.   He intentionally inflicts or attempts to inflict bodily injury on another; or

E.   He or an accomplice to his knowledge is armed with a dangerous weapon in the course of a robbery as defined in paragraphs A through D.

2.   Robbery as defined in subsection 1, paragraphs A and B, is a Class B crime.  Robbery as defined in subsection 1, paragraphs C, D, and E, is a Class A crime.

Sec. 63.   17-A MRSA § 652, as enacted by PL 1975, c. 499, § 1, is repealed.

Sec. 64.   17-A MRSA § 701, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1.   A person "falsely alters" a written instrument when, without the authority of anyone entitled to grant it, he changes a written instrument, whether it be in complete or incomplete form, by means of erasure, obliteration, deletion, insertion of new matter, transposition of matter, or in any other manner, so that such instrument in its thus altered form appears or purports to be in all respects an authentic creation of, or fully authorized by, its ostensible holder, author, maker or drawer;

Sec. 65.   17-A MRSA § 702, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1.   A person is guilty of aggravated forgery if, with intent to defraud or deceive another person or government, he falsely makes, completes, endorses or alters a written instrument, or knowingly utters or possesses such an instrument, and the instrumnt is:

Sec. 66.   17-A MRSA § 703, sub-§ 1, ¶ A, as enacted by PL 1975, c. 499, § 1, is amended to read:

A.   Falsely makes, completes, endorses or alters a written instrument, or knowingly utters or possesses such an instrument; or

Sec. 67.   17-A MRSA § 703, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

2.   Violation of this section is a Class C crime if the actor has been twice before convicted of any combination of the following offenses: Violation of this section, theft or violation of section 708.  Forgery is otherwise a Class D crime.

Sec. 68.   17-A MRSA § 708, sub-§ 4, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

4.   Violation of this section is a Class C crime if the actor has been twice before convicted of any combination of the following offenses: Violation of this section, theft or violation of section 703.  Negotiating a worthless instrument is otherwise a Class D crime.

Sec. 69.   17-A MRSA § 752, sub-§ 2, 2nd sentence, as enacted by PL 1975, c. 499, § 1, is repealed.

**Sec. 70.** 17-A MRSA § 752, sub-§ 3, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

**3. Violation of subsection 1, paragraph A, is a Class D crime. Violation of subsection 1, paragraph B, is a Class C crime.**

**Sec. 71.** 17-A MRSA § 755, sub-§ 3, 2nd sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

It does not include custody of persons under 18 years of age unless ~~such per-son has been administratively transferred to custody in the men's or women's correctional center, or~~ the custody is as a result of a finding of probable cause made under the authority of Title 15, section 2611, subsection 3 or is in regard to offenses over which juvenile courts have no jurisdiction, as provided in Title 15, section 2552.

**Sec. 72.** 17-A MRSA § 755, sub-§ 3, ¶ A is enacted to read :

**A. Prosecution for escape or attempted escape from any institution included in subsection 3 shall be in the county in which the institution is located. Prosecution for escape or attempted escape of a person who has been transferred from one institution to another shall be in the county in which the institution the person was transferred to is located. Prosecution for an escape or attempted escape for failure to return to official custody following temporary leave granted for a specific purpose or a limited period shall be in the county in which the institution from which the leave was granted is located or in any county to which leave was granted.**

**Sec. 73.** 17-A MRSA § 756, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended to read:

**2.** As used in this section, ~~and in section 757~~ "contraband" means a dangerous weapon, any tool or other thing that may be used to facilitate a violation of section 755, or any other thing which a person confined in official custody is prohibited by statute or regulation from making or possessing.

**Sec. 74.** 17-A MRSA § 757, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended by adding at the end the following new sentence:

**As used in this section, "contraband" has the same meaning as in section 756.**

**Sec. 75.** 17-A MRSA § 802, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended to read:

**2.** In a prosecution under subsection 1, paragraph B, the requirements of specificity in the charge and proof at the trial otherwise required by law do not include a requirement to allege or prove the ownership of the property. In a prosecution under subsection 1, paragraph A, it is a defense that the actor **reasonably** believed he had the permission of the property owner to engage in the conduct alleged. **In a prosecution under subsection 1, paragraph A, "property of another"** has the same meaning as in section 352, subsection 4.

**Sec. 76.** 17-A MRSA § 805, sub-§§ 1-A and 1-B are enacted to read :

1-A.   As used in this section, "property of another" has the same meaning as in section 352, subsection 4.

1-B.   As used in this section, "value", if the property is destroyed, shall be determined pursuant to section 352, subsection 5. If the property is damaged, "value" shall be determined by the cost of repair unless that determination exceeds the determination of the value of the property had it been destroyed, in which case the property shall be deemed destroyed for purposes of this subsection. Amounts of value involved in mischiefs may be aggregated in the same manner as provided in section 352, subsection 5, paragraph E.

Sec. 77.   17-A MRSA § 806, sub-§ 1, ¶ A, as enacted by PL 1975, c. 499, § 1, is amended to read:

A.   Damages or destroys the property of another, having no reasonable ground to believe that he has a right to do so; or ~~knowingly~~ damages or destroys property ~~with the intent~~ to enable any person to collect insurance proceeds for the loss caused; or

Sec. 78.   17-A MRSA § 806, sub-§ 1-A is enacted to read:

1-A.   As used in this section, "property of another" has the same meaning as in section 352, subsection 4.

Sec. 79.   17-A MRSA § 854, sub-§ 1, ¶ A, sub-¶ (2), as enacted by PL 1975, c. 499, § 1, is amended to read:

(2)   he knowingly exposes his genitals ~~to a person under the age of 12, or~~ under circumstances which, in fact, are likely to cause affront or alarm; or

Sec. 80.   17-A MRSA § 901, sub-§ 3, ¶ C, as enacted by PL 1975, c. 499, § 1, is repealed.

Sec. 81.   17-A MRSA § 951, as enacted by PL 1975, c. 499, § 1, is amended to read:

§ 951.   Inapplicability of chapter

Any person licensed by the Chief of the State Police as provided in Title 17, chapter 13-A or chapter 14, or authorized to operate or conduct a raffle pursuant to Title 17, section 331, subsection 2, shall be exempt from the application of the provisions of this chapter insofar as his conduct is within the scope of such license.

Sec. 82.   17-A MRSA § 953, sub-§ 1, ¶ C, as enacted by PL 1975, c. 499, § 1, is amended to read:

C.   Receiving in connection with a lottery, mutuel or other gambling scheme or enterprise, more than $500 in any 24-hour period ~~play~~ played in the scheme or enterprise.

Sec. 83.   17-A MRSA § 954, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1.   A person is guilty of unlawful gambling if he intentionally or knowingly advances or profits from **unlawful** gambling activity.

Sec. 84. 17-A MRSA § 1101, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1. "Marijuana" includes the leaves, stems, flowers and seeds of all species of the plant genus cannabis, whether growing or not; but shall not include the resin extracted from any part of such plant and every compound, manufacture, salt, derivative, mixture or preparation from such resin including hashish and further, shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, fiber, oil or cake or the sterilized seed of such plant which is ~~capable~~ incapable of germination.

Sec. 85. 17-A MRSA § 1101, sub-§ 10, as enacted by PL 1975, c. 499, § 1, is amended to read:

10. "Prescription drug", any drug upon the container of which the manufacturer or distributor is obliged to place, in order to comply with federal law and regulations, the following legend: "Caution, federal law prohibits dispensing without prescription."

Sec. 86. 17-A § 1102, sub-§ 1, ¶ C, sub-¶¶ (10), (11) and (12) are enacted to read:

(10) 2. 5 dimethoxyamphetamine

(11) 4-bromo-2, 5-dimethoxyamphetamine

(12) 4-methoxyamphetamine.

Sec. 87. 17-A MRSA § 1102, sub-§ 1, ¶ H, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

H. Methylphenidate or its salts;

Sec. 88. 17-A MRSA § 1102, sub-§ 3, as enacted by PL 1975, c. 499, § 1, is amended to read:

3. Schedule Y:

A. Barbital or its salts;

B. Chloral betaine;

C. Ethchlorvynol;

D. Ethinamate;

E. Methohexital or its salts;

F. Methylphenobarbital or its salts;

G. Paraldehyde;

H. Petrichloral;

I. Phenobarbital or its salts;

J. Codeine (methylmorphine) or its salts;

K.  Any compound, mixture or preparation containing any of the following limited quantities of narcotic drugs, which shall include one or more non narcotic active medicinal ingredient in sufficient proportion to confer upon the compound, mixture or preparation valuable medicinal qualities other than those possessed by the narcotic drug alone.

   (1)  not more than 2.5 milligrams of diphenoxylate with not less than 25 micrograms of atropin sulfate per dosage unit;

L.  Meprobamate;

M.  Ergot or any salt, compound or derivatives of ergot unless listed in another schedule;

N.  Flurazepam or its salts;

O.  Chlordiazepoxide or its salts;

P.  Diazepam;

Q.  Carbromal;

R.  Chloralhydrate;

S.  Fenfluramine or its salts;

T.  Diethylpropion or its salts;

U.  Phentermine or its salts.

Sec. 89.  17-A MRSA § 1105, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

   1.  A person is guilty of aggravated trafficking or furnishing scheduled drugs if he trafficks with or furnishes to a child, in fact, under 16 a scheduled drug in violation of ~~section~~ sections 1103, ~~or~~ 1104 or 1106.

Sec. 90.  17-A MRSA § 1111, sub-§ 2 is enacted to read:

   2.  Possession of hypodermic apparatuses is a Class D crime.

Sec. 91.  17-A MRSA § 1112, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

   1.  A ~~state~~ laboratory which receives a drug or substance from a law enforcement officer or agency for analysis under this chapter shall, if it is capable of so doing, analyze the same as requested, and shall issue a certificate stating the results of such analysis. Such certificate, when duly signed and sworn to by a person certified as qualified for this purpose by the Department of Human Services under certification standards set by that department, ~~qualified chemist, or by a laboratory technician whose testimony as an expert has been received in any court of the State of Maine, of the United States, or of any state~~ shall be admissible in evidence in any court of the State of Maine, and shall be prima facie evidence that the composition and quality of the drug or substance is as stated therein, unless ~~within~~ with 10 days written notice to the prosecution, the defendant requests that a qualified witness testify as to such composition and quality.

**Sec. 92.** 17-A, § 1112, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended to read:

2. Transfer of drugs and substances to and from a ~~state~~ laboratory for purposes of analysis under this chapter may be by certified or registered mail, and when so made shall be deemed to comply with all the requirements regarding the continuity of custody of physical evidence.

**Sec. 93.** 17-A MRSA § 1112, sub-§ 3, as enacted by PL 1975, c. 499, § 1, is repealed.

**Sec. 94.** 17-A MRSA § 1152, sub-§ 4, as enacted by PL 1975, c. 499, § 1, is amended by adding at the end the following new sentence:

**Nor shall this chapter deprive the Department of Mental Health and Corrections of any authority to grant furloughs and work releases or to transfer persons from one facility to another.**

**Sec. 95.** 17-A MRSA § 1201, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1. A person who has been convicted of any crime, except ~~aggravated murder or murder~~ criminal homicide in the first degree or criminal homicide in the 2nd degree, may be sentenced to a suspended term of imprisonment with probation or to an unconditional discharge, unless the court finds that:

A. There is undue risk that during the period of probation the convicted person would commit another crime; or

B. ~~The convicted person is in need of correctional treatment that can be provided most effectively by commitment to the Department of Mental Health and Corrections; or~~

C. Such a sentence would diminish the gravity of the crime for which he was convicted.

**Sec. 96.** 17-A MRSA § 1204, sub-§ 2, ¶ H, as enacted by PL 1975, c. 499, § 1, is amended to read:

H. To remain within the jurisdiction of the court unless permission to leave temporarily is granted in writing by the probation officer, and to notify ~~the court or~~ the probation officer of any change in his address or employment;

**Sec. 97.** 17-A MRSA § 1205, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended by adding at the end a new sentence to read:

**If the probation officer cannot, with due diligence, locate the person on probation in order to serve the summons on him, he shall note such fact on the summons and file it with the court which placed the person on probation.**

**Sec. 98.** 17-A MRSA § 1205, sub-§ 4 is enacted to read:

4. The running of the period of probation shall be tolled upon either the service of the summons, the filing of the summons with the court when it cannot be served or the arrest of the person on probation, as provided for in

subsection 1. If the person on probation fails to appear at the preliminary hearing after having been served with the summons, or the summons is filed with the court because it cannot be served, the probation officer may request the court to issue a warrant for the arrest of the person. The court may then issue the warrant and order the person committed, with or without bail, pending the preliminary hearing which shall be held within 48 hours of the time the person is arrested. The running of the period of probation shall cease to be tolled upon a finding of no probable cause under subsection 3, or upon disposition of the charges of probation violation by a court pursuant to section 1206.

Sec. 99.   17-A MRSA § 1206, sub-§ 1, 1st sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

If, as a result of proceedings held under section 1205, there is a determination of probable cause, the Director of Probation and Parole or his designated representative may apply to any court for a summons ordering the person to appear before the court for a hearing on the alleged violation.

Sec. 100.   17-A MRSA § 1251, sub-§ 2, 2nd sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

No later than 120 days from such commitment, the ~~department~~ Department of Mental Health and Corrections shall return the convicted person to the court, along with the report of its evaluation and a recommended sentence.

Sec. 101.   17-A MRSA § 1251, sub-§ 4, as enacted by PL 1975, c. 499, § 1, is amended by adding at the end the following new sentence:

In the event a person has been convicted of criminal homicide in the first degree by virtue of section 201, subsection 2, paragraph A and prior offense upon which the section 201, subsection 2, paragraph A conviction was based is finally invalidated as a result of an appeal or collateral proceeding the person may petition a court of competent jurisdiction to be resentenced pursuant to subsections 2 and 3.

Sec. 102.   17-A MRSA § 1252, sub-§ 1, as enacted by PL 1975, c. 499, § 1, is amended to read:

1. In the case of a person convicted of a crime other than criminal homicide in the first or 2nd degree, the court may sentence to imprisonment for a definite term as provided for in this section, unless the statute which the person is convicted of violating expressly provides that the fine and imprisonment penalties it authorizes may not be suspended, in which case the convicted person shall be sentenced to the imprisonment and required to pay the fine authorized therein. The sentence of the court shall specify the place of imprisonment, provided that no person shall be sentenced to imprisonment in the Men's Correctional Center located at South Windham, Maine, if his sentence exceeds 5 years or he ~~is~~ has already attained his 27th birthday at the time of sentence ~~more than 26 years old~~.

Sec. 103.   17-A MRSA § 1252, sub-§ 3, 2nd sentence, as enacted by PL 1975, c. 499, § 1, is amended to read:

In such cases, it shall be the responsibility of the ~~department~~ **Department of Mental Health and Corrections** to determine whether the order has been complied with and consideration shall be given in the department's administrative decisions concerning the imprisoned person as to whether the order has been complied with.

Sec. 104.   17-A MRSA § 1254, sub-§ 2, as enacted by PL 1975, c. 499, § 1, is amended to read:

2.   A person sentenced to life imprisonment may, after having served 25 years, and annually thereafter, and a person sentenced to a term ~~in excess of 20 years~~ **of 20 years or more**, may, after having served 4/5 of said sentence, and annually thereafter, petition the Superior Court of the county in which he is imprisoned for a reduction of his sentence to a term of years. Upon notice to the Attorney General and the victim or next of kin of the victim, the court shall hold a hearing on the petition and may, in its discretion, reduce the sentence from life imprisonment to a term of years that is not less than 30, and reduce any other sentence to a term that is not less than 20. If the sentence is so reduced the imprisoned person shall be unconditionally released and discharged upon the expiration of the term specified in such sentence, minus such deductions authorized under section 1253 as he shall have accumulated; provided, however, that notwithstanding any deductions that may be accumulated under section 1253, no such person shall be so released and discharged until he has served 25 years, if his sentence is life imprisonment or 4/5 of his sentence, if that sentence is for a term of years ~~in excess of 20 years~~ **of 20 years or more**.

Sec. 105.   17-A MRSA § 1254, sub-§ 3, as enacted by PL 1975, c. 499, § 1, is amended to read:

3.   All persons in the custody of the Bureau of Corrections serving a criminal sentence on the effective date of this code shall be released and discharged according to the law as it was in force on the date they were sentenced and such law shall continue in force for this purpose as if this code were not enacted; provided, however, that any such person ~~may elect to be released and discharged according to section 1253 and of this section. Upon such election he shall be released and discharged as if section 1253 and this section were in force on the date he was sentenced~~ **who is entitled to a deduction of 7 days a month from his sentence under the provisions of Title 34, section 705, may elect to have 10 days a month deducted instead of 7. Any such election shall apply only to that part of the sentence which is served** subsequent to the effective date of this code.

Sec. 106.   17-A MRSA § 1301, sub-§ 1, 1st ¶, as enacted by PL 1975, c. 499, § 1, is amended to read:

A natural person who has been convicted of a **Class B**, Class C, Class D or Class E crime may be sentenced to pay a fine, ~~subject~~ **unless the statute which the person is convicted of violating expressly provides that the fine and imprisonment penalties it authorizes may not be suspended, in which case the convicted person shall be sentenced to the imprisonment and required to pay the fine authorized therein. Subject to such sentences and to section 1302, the fine** ~~which~~ **shall not exceed:**

Sec. 107.   17-A MRSA § 1301, sub-§ 1, ¶ A, as enacted by PL 1975, c. 499, § 1, is repealed and the following enacted in place thereof:

A.   $10,000 for a Class B crime;

A-1.   $1,000 for a Class C crime;

Sec. 108.   17-A MRSA § 1301, sub-§ 3, 1st ¶, as enacted by PL 1975, c. 499, § 1, is amended to read:

If the defendant convicted of a crime is an organization and the statute which it is convicted of violating expressly provides that the fine it authorizes may not be suspended, the organization shall be sentenced to pay the fine authorized therein. Otherwise, the maximum allowable fine which such a defendant may be sentenced to pay shall be:

Sec. 109.   29 MRSA § 1313 is repealed.

Sec. 110.   29 MRSA § 1315, 1st sentence; 2nd sentence as amended by PL 1973, c. 330, § 20 and the 3rd sentence, are amended to read:

~~Any person who operates a vehicle with reckless disregard for the safety of others and thereby causes the death of another person, when the death of such person results within one year, shall be guilty of the offense of reckless homicide. Any person convicted of reckless homicide shall be punished by a fine of not more than $2,000 and by imprisonment for not less than 6 months nor more than 5 years~~ The license of any person convicted of violating ~~this section~~ Title 17-A, section 204, subsection 1, paragraph A or Title 17-A, section 205 where the crime occurs as the result of the operation of a motor vehicle shall be revoked immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing.

Sec. 111.   29 MRSA § 1316, as last amended by PL 1973, c. 329, is repealed.

Sec. 112.   34 MRSA § 1007, sub-§ 9, last sentence, as enacted by PL 1969, c. 136, is amended to read:

If said prisoner does not return to the county jail within 48 hours from the time scheduled to return, he shall be guilty of escape under Title ~~17, section 1405~~ 17-A, section 755.

Sec. 113.   34 MRSA § 1008, 3rd ¶, 1st sentence, as enacted by PL 1975, c. 191, § 2, is amended to read:

Any such prisoner who willfully violates the terms of his release under this section in relation to the time for reporting to his place of furlough, the activities he is authorized to conduct while on furlough, or his time of reporting back to the county jail, may be punished by imprisonment for not more than 60 days; except that any prisoner who does not return to the county jail within 24 hours from the time he is scheduled to return may be prosecuted for escape under Title ~~17, section 1405~~ 17-A, section 755.

Sec. 114.   PL 1975, c. 623, § 83 is repealed and the following enacted in place thereof:

Sec. 83.   PL 1975, c. 499, § 72 is enacted to read:

Sec. 72.   Effective date.   Sections 2 to 71 of this Act shall become effective April 1, 1976.

Emergency clause.   In view of the emergency cited in the preamble, this Act shall take effect April 1, 1976.

## STATEMENT OF FACT

PL 1975, c. 499 enacted the Maine Criminal Code, effective March 1, 1976. The 107th Legislature also continued the Criminal Law Revision Commission in existence until March 1, 1976 "for the purpose of receiving and evaluating proposed amendments to the code" and reporting to the special session of the 107th.

This Act contains the Commission's recommendations for amending, correcting and clarifying various sections of the code in response to recent court decisions and after consideration of the thoughtful and critical analyses of members of the Office of the Attorney General, of district attorneys, of judges, and of other interested persons. A subcommittee of the Judiciary Committee joined as consultants in this process of review.

In order to allow time for the code, as amended, to be distributed to those responsible for its administration, the effective date has been advanced to April 1, 1976.

———◆———

## ANSWERS OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Article VI, Section 3 of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, respectfully submit the following reply to the questions propounded to us by the Honorable Senate on March 5, 1976, which were received by us on March 5, 1976.

We note that the Senate Order recites that House Paper 2023, Legislative Document 2202, and Senate Paper 697, Legislative Document 2217, are in the Committee on the Judiciary. Because this is so, it becomes particularly necessary for us to discuss briefly whether or not we have the power to answer the four questions posed.

The authority of the Justices to give opinions when requested by the Governor or by either branch of the Legislature is limited by the terms of Article VI, Section 3 to those situations which the Justices find to be "solemn occasions."

■ Before undertaking to answer a request for an advisory opinion from either of the other branches of the State Government, the Justices must first determine whether a solemn occasion exists, within the meaning of the Constitution, which entitles us to answer.

This determination should not be lightly made. It is manifestly inappropriate for the Justices of the Supreme Judicial Court to express an opinion on an important question of law, with the single exception plainly stated in Article VI, Section 3, until the issue arises in the course of an adversary proceeding.

Article VI, Section 3 mandates that:

"The Justices of the Supreme Judicial Court shall be obliged to give their opinion upon important questions of law, and upon solemn occasions, when required by the Governor, Senate or House of Representatives."

■■ The matters as to which we may answer must be those of

"instant, not past or future concern; things of live gravity" [*Opinion of the Justices,* Me., 260 A.2d 142, at 146 (1969)]

to the inquiry body. The anticipated need for the advice must not be

"tentative, hypothetical and abstract." *Opinion of the Justices,* Me., 330 A.2d 912, at 915 (1975).

See also, *Opinion of the Justices,* Me., 339 A.2d 483 (1975).

The propounded questions relate to the provisions of House Paper 2023, Legislative Document 2202, and Senate Paper 697, Legislative Document 2217, which are still in the Committee on the Judiciary. Because the Legislative Documents have not yet been reported out of Committee and are therefore not yet pending before the Senate, the proposed legislation may never reach the Senate in their present form. In fact, because of possible operation of Joint Rule 17A, it is possible that the Senate will never be required to take action on either bill at this session. We would then be in the anomalous situation of having expressed opinions upon important questions of law when subsequent events clearly demonstrate no solemn occasion existed. See, *Opinion of the Justices,* 95 Me. 564, 571, 51 A. 224 (1901).

■■ This is not to say that the Justices may never answer questions put to them by a branch of the Legislature concerning proposed legislation which has not yet been reported out of Committee. The Justices must determine in each instance whether a solemn occasion exists, *Opinion of the Justices,* 95 Me., supra, at 568, 51 A. 224, and the status of a bill in Committee is not alone conclusive.

We have in mind that in *Opinion of the Justices,* Me., 338 A.2d 802 (1975), the Justices did answer questions propounded by the Honorable Senate relating to proposed legislation still in Committee. At that time, however, the questions related to An Act Creating the Maine Criminal Code which was to replace the existing criminal law in large part and concerned a basic issue which underlay the structure of the proposed legislation.

There, the Legislature was faced with a program of overwhelming magnitude, much of the work on which must necessarily be undertaken in Committee. The matter was of great immediate public concern and it appeared certain that the issues raised by the questions would be involved in whatever form the bill came out of Committee. We concluded that a solemn occasion was present.

QUESTION # 1: Would section 23 of Legislative Document 2202 (Exhibit A), if enacted into law, unconstitutionally deprive a defendant of his right to trial by jury as provided by Article I, Section 6 of the Constitution of the State of Maine?

QUESTION # 2: Would section 23 of Legislative Document 2202 (Exhibit A), if enated into law, unconstitutionally deprive a defendant of his right to trial by jury as provided by Article I, Section 20 of the Constitution of the State of Maine?

■ ANSWER: We find it unnecessary, in framing our answer to the above two questions, to be concerned with that facet of "solemn occasion" arising as previously discussed—that the bills involved have not been reported out of the Committee on the Judiciary. For another reason we must conclude that no solemn occasion here exists.

Questions # 1 and # 2 have been submitted to us in connection with a bill

which proposes to change the existing law embodied in 29 M.R.S.A. § 1(17–C), which states:

"A traffic infraction is not a crime and the penalty therefor shall not be deemed for any purpose a penal or criminal punishment. There shall be no right to trial by jury for a traffic infraction."

It is contemplated to insert in the first sentence the words, "but is a civil violation", so that the sentence will read:

"A traffic infraction is not a crime, but is a civil violation and the penalty therefor shall not be deemed for any purpose a penal or criminal punishment."

In this context we must conclude that the generating source of the subject matter addressed by the questions is law *already in effect*, that traffic infractions shall be tried without a jury, and not the proposed legislation.

In *Opinion of the Justices*, Me., 339 A.2d 483 (1975), the Justices made clear that no solemn occasion exists when the Justices are asked to give their opinions on the law which is already in effect. We are aware that in *Opinion of the Justices*, supra, the questions were directed to the interpretation of the meaning of a statute, whereas the present inquiries relate to the constitutional validity of an already effective statute. This difference is without legal significance since in each situation the root inquiry is the same, i. e., what is the existing law.

As we said in the *Opinion of the Justices*, supra, that members of the Legislature may be in disagreement as to such subject

" '. . . is not an unusual exigency, and does not create or present a solemn occasion within the fair meaning of the Constitution, . . . ." (p. 488)

We must refrain from answering Questions # 1 and # 2 aforesaid since to answer.

"would require us to disregard the limitations expressly placed on our authority by Sec. 3, Article VI, of the Constitution of Maine." *Opinion of the Justices*, supra, (p. 489).

Turning our attention to Questions # 3 and # 4, we consider first the matter previously mentioned, that the proposed legislation has not yet been reported out of the Committee on the Judiciary. Notwithstanding this posture, we face here, as we did in *Opinion of the Justices*, Me., 338 A.2d 802 (1975), proposed legislation which cuts across a substantial part of the Criminal Code there considered. We therefore conclude that a "solemn occasion" exists.

QUESTION # 3: Would the provisions of section 19 of Legislative Document 2217 (Exhibit B), enacting Title 17–A, section fifteen, subsection 2, and section sixteen, subsection 2, authorizing a law enforcement officer to require a person to remain in the officer's presence for a period of up to 2 hours, if enacted into law, unconstitutionally deprive a person of life, liberty or property without due process of law in violation of Article I, Section 6–A of the Constitution of the State of Maine?

ANSWER: We answer in the negative.

A reading of the proposed legislation discloses that detention for a maximum of 2 hours (1) can arise only when the law enforcement officer has probable cause to believe that the person to be detained has committed either a Class D or Class E crime or a civil violation and (2) must be directed solely to "verification" of the identity of the person who has failed to provide evidence of identification which appears to be reasonably credible.

As to the situation in which the law enforcement officer has probable cause to believe that the person has committed a Class D or Class E crime, when there is also reason for the officer to believe that the

person whom he confronts is not accurately identified, in view of the ability of an unidentified person to depart and avoid subsequent detection, waiting to procure a warrant could render futile the undertaking to make an arrest. Hence, probable cause of the officer to believe that there is insufficient identification of a person who is reasonably believed to have committed a Class D or Class E crime creates exigent circumstances in which there is no violation of the 4th–14th Amendments to the Constitution of the United States if the law enforcement officer makes a warrantless arrest. See, *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). We see no reason to believe that Article I, Section 6–A of the Constitution of Maine requires a different result. From this, it follows that Legislative Document 2217, if enacted into law, would not contravene Article I, Section 6–A of the Constitution of Maine, since the form of intrusion upon personal liberty therein authorized as necessary to fulfill legitimate police power interests of the State—a "detention" for a maximum of 2 hours for "verification" of identity—is substantially less stringent than the constitutionally permissible intrusion by a full-blown conventional "arrest."

As to the "civil violation" aspect of the proposed legislation, an important difference arises because the legal significance of the concept of a "civil violation" is that, unlike the necessities when the State's approach is in criminal terms, the operative governmental interest does not require, or contemplate, that the State shall assert and maintain control of the body of the person who is the violator. In the civil violation context the ultimate objective of the State, and the end result of its adjudicatory processes, is a concern with the violator's property (payment of money), not his body.

For this reason, the law enforcement officer's probable cause to believe that a person has committed a "civil violation" will not suffice, *per se,* to justify—consistently with the Federal 4th Amendment or due process of law requirements—an "arrest" of the civil violator. It is plain, however, that such probable cause is constitutionally sufficient, under both Federal and State constitutional requirements, to justify the law enforcement officer in imposing such restraints upon the liberty of the person he has probable cause to believe is a civil violator as may be reasonably necessary to subject said person to the adjudicatory processes of Maine courts. These limited restraints are appropriately described in the proposed legislation as those which will be involved in (1) the delivery of a "citation . . . directing . . . appear[ance] in the District Court to answer the allegation . . . [of] violation . . ." and (2) obtaining accurate identification of the person to whom the citation is to be delivered, thereby to implement the legal effectiveness of the citation.

It is further plain that under the proposed legislation the restraints upon personal liberty as above described are the *only* restraints which arise in consequence of the officer's probable cause to believe that the person whom he confronts has committed a civil violation. Custodial "detention" not to exceed 2 hours results only if, additionally, the suspected civil violator acts in a manner which gives the law enforcement officer *probable cause to believe that an accurate identification* has not been forthcoming, i. e., in the language of the proposed legislation, that he has furnished the officer "evidence of his name and address . . . [which] does not appear to be reasonably credible . . ."

In such context, in which the custodial detention not to exceed 2 hours results not only from the officer's probable cause to believe that the person to be thus detained has committed a "civil violation" but also from the officer's probable cause to believe that said person has not accurately identified himself, we discern no violation of the

4th–14th Amendments to the Constitution of the United States or of the corresponding provisions of the Maine Constitution. In all requisite respects the custodial detention originates on the basis ·of probable cause; the purpose of the detention is strictly confined to the scope of the probable cause—"verification" of identity; the maximum duration of the detention without intervention of a neutral magistrate to evaluate the probable cause for the detention is reasonably required by the circumstantial exigencies.

■■■ QUESTION ·# 4: Would the provisions of section 19 of Legislative Document 2217 (Exhibit B), enacting Title 17–A, section fifteen, subsection 2, and section sixteen, subsection 2, punishing the knowing failure or refusal to provide a law enforcement officer with reasonably credible evidence of one's name and address, if enacted into law, unconstitutionally deprive a person of life, liberty or property without due process of law in violation of Article I, Section 6–A of the Constitution of the State of Maine?

ANSWER: We answer in the negative.

The only reason the proposed provision to which the question is addressed is arguably violative of Article I, Section 6–A of the Constitution of Maine is that it might be thought the words "reasonably credible evidence" are so imprecise that they do not make clear to a person of reasonable and normal intelligence what conduct is proscribed by the proposed legislation. As we have indicated in our answer to Question # 3 we equate the words "reasonably credible evidence" with "probable cause to believe" that the evidence furnished the law enforcement officer as to the identity of the person accused of either a Class D or E crime or a civil violation is false. This being so, we see no constitutional defect in that portion of Legislative Document 2217 which, if enacted, would make it a Class E crime to knowingly fail to provide a law enforcement officer with reasonably credible evidence of one's name and address.

Mr. Justice DELAHANTY did not join in answering these questions due to his absence because of illness.

Dated at Portland, Maine, this 19 day of March, 1976.

Respectfully submitted,

ARMAND A. DUFRESNE, Jr.,
RANDOLPH A. WEATHERBEE,
CHARLES A. POMEROY,
SIDNEY W. WERNICK,
JAMES P. ARCHIBALD.