**OPINION OF the JUSTICES OF the SU-
PREME JUDICIAL COURT Given Un-
der the Provisions of Section 3 of Arti-
cle VI of the Constitution.**

Supreme Judicial Court of Maine.

Question Propounded by the Governor in
a Communication Dated July 25, 1990.
Answered Aug. 2, 1990.

## COMMUNICATION FROM GOVERNOR PROPOUNDING QUESTION

To the Honorable Justices of the Supreme
Judicial Court:

Believing that the pending demand (At-
tachment # 1) to issue a proclamation un-
der 21–A MRSA §§ 371(2) and 362 (Supp.
1989) for two candidates for nomination to
the November 4, 1990 general election for
the State of Maine House of Representa-
tives, who failed in the primary election of
June 12, 1990 to receive the minimal num-
ber of votes required by 21–A MRSA
§ 723(1), raises an important question of
law upon a solemn occasion within the
meaning of Article VI, Section 3 of the
Constitution of Maine,

I, John R. McKernan, Jr., Governor of
the State of Maine, pursuant to the authori-
ty conferred upon me by Article VI, Section
3 of the Constitution of Maine, respectfully
request the opinion of the honorable Jus-

tices of the Supreme Judicial Court upon the question of law presented herein.

## STATEMENT OF FACTS

On or before the statutory deadline, John Lisnik, House of Representatives District 143, and Julieo Perreault, House of Representatives District 150, filed petitions with the Office of the Secretary of State as candidates for nomination in the State of Maine House of Representatives' primary election of June 12, 1990. The Secretary of State, pursuant to 21–A MRSA § 337(1), accepted these petitions and deemed the candidates qualified for nomination under 21–A MRSA §§ 334, 335 and 336.

In order for a candidate for nomination by petition to become a nominee, the candidate must receive a plurality of the votes cast *and* a vote total equal to or in excess of the minimum number of signatures—twenty-five—needed to place a candidate's name on the primary ballot. 21–A MRSA §§ 723(1), 335(5)(G). At the primary election in June, both of the above-named candidates failed to receive the requisite twenty-five votes. Attachment # 2.

On July 2, 1990, the Office of the Attorney General advised the Office of the Secretary of State that the failure of each candidate to receive the minimal vote total under 21–A MRSA § 723(1) constituted a vacancy within the meaning of 21–A MRSA §§ 371(2) and 362. Attachment # 3. Consequently, the Attorney General advised that the Governor should issue a proclamation for each of the districts, directing the appropriate political committee to meet and fill each "vacancy" by choosing a nominee for the general election. *Id.* Pursuant to 21–A MRSA § 371(2), the Secretary of State has called upon the Governor to issue these proclamations as soon as practicable to enable the appropriate political committees to meet, if at all, and to enable the Secretary of State to prepare the ballots for the general election in November. At-

tachment # 1. The Secretary of State construes 21–A MRSA § 374–A(2) to require the political committees to report to the Secretary of State by the third Monday in August that these "vacancies" have been filled. *Id.*\*

I believe that this issue—whether 21–A MRSA § 371(2) requires the Governor to issue a proclamation in accordance with 21–A MRSA § 362 when a candidate for nomination to the general election for the State of Maine House of Representatives fails to receive the minimal number of votes required by 21–A MRSA § 723(1)—presents an important question of law regarding the power of political committees to nominate candidates to the State's general election. I further believe that the unique circumstances of this matter give it a live gravity and render this occasion solemn within the meaning of Article VI, section 3 of the Constitution of Maine; namely, that this request of a Governor is without readily known precedent; that this issue may arise in future primary elections; and, most importantly, that this matter must be resolved as soon as practicable to allow sufficient time for the political committees to meet, if at all, and for the Secretary of State to prepare the ballots for the general election in November. I believe that this urgency presents the "unusual exigency" indicative of a solemn occasion. *Opinion of the Justices,* 355 A.2d 341, 390 (Me.1976).

For the reasons stated above, I do, therefore, respectfully request the opinion of the honorable Justices of the Supreme Judicial Court on the following question of law:

## QUESTION OF LAW

Does 21–A MRSA § 371(2) require the Governor to issue a proclamation in accordance with 21–A MRSA § 362 when a candidate for nomination to the general election for the State of Maine House of Represent-

---

\* There is no political committee in the House District (145) of a third candidate who also did not receive the minimum requisite primary votes. Attachments ## 1, 4. The Attorney General has advised the Secretary of State that, in this instance, the Secretary of State need not

request that the Governor issue a proclamation. *Id.* The Governor has, therefore, a demand to issue proclamations for only House Districts 143 and 150.

NOTE: Attachments not reproduced herein.

atives fails to receive the minimal number of votes required by 21–A MRSA § 723(1)?

Respectfully submitted,

John R. McKernan, Jr.

John R. McKernan, Jr.

Governor

### ANSWER OF THE JUSTICES

To His Excellency, John R. McKernan, Jr., Governor of Maine:

In compliance with the provisions of section 3 of article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit this response to the following question you propounded on July 25, 1990.

Does 21–A M.R.S.A. § 371(2) require the Governor to issue a proclamation in accordance with 21–A M.R.S.A. § 362 when a candidate for nomination to the general election for the State of Maine House of Representatives fails to receive the minimal number of votes required by 21–A M.R.S.A. § 723(1)?

In three distinct situations the election laws of Maine provide the means to fill a vacancy in the office of Representative to the Legislature or to replace a candidate in a primary or general election for such an office. If an incumbent Representative dies, resigns, becomes disqualified, or changes electoral residence, the Governor is directed to order a special election to fill the vacancy. 21–A M.R.S.A. § 382 (Supp. 1989). If a person nominated at a primary election or by a political committee dies or withdraws before the general election, the Governor is directed to issue a proclamation declaring the vacancy and ordering the appropriate political committee to make a replacement nomination. 21–A M.R.S.A. § 374–A (Supp.1989). Finally, 21–A M.R.S.A. § 371 (Supp.1989) provides two alternate methods for replacing a candidate for nomination in a primary election who dies, withdraws or becomes disqualified.

■ We have not previously considered section 371 and our research reveals no useful precedent from other jurisdictions. Considering the language of the statute in context, we conclude that it applies only to vacancies occurring before the primary election.[1] In its entirety, section 371 provides as follows:

If a *candidate for nomination* dies, withdraws or becomes disqualified after having filed his primary petition, so that a party has fewer candidates than there are offices to be filled, the vacancy may be filled as follows.

**1. Primary petition if time.** If there is sufficient time to circulate a primary petition *before the primary election*, as determined by the Secretary of State, the new candidate must be chosen in that manner. The Secretary of State shall set a time for filing the new petition and the consent described in section 336.

**2. Chosen by committee if not time.** If there is not sufficient time to circulate a primary petition, the Secretary of State shall notify the Governor who shall issue a proclamation under section 362.

21–A M.R.S.A. § 371 (emphasis added). The phrase "candidate for nomination" and the reference to the time remaining before the primary election preclude the use of section 371 to provide a nominee for the general election. The statute is confined to vacancies occurring by any of the designated means before the primary election. Moreover, the stated qualifications of a candidate for nomination do not include any requirement for obtaining a minimum number of votes. *See* 21–A M.R.S.A. § 334 (Supp.1989). Although a nominee must obtain a plurality of the votes cast and a minimum number of 25 votes, that requirement is not designated as a qualification of a candidate for nomination. 21–A M.R.S.A. §§ 723(1), 335(5)(G) (Supp.1989). Logically, such an election requirement could hardly be referred to as the basis for disqualifying a "candidate for nomination."

■ The statutes simply do not provide a way for placing a nominee on the ballot for

1. Maine's primary election law was first enacted in 1913 (P.L.1913, ch. 221) and has since been recodified seven times, the most recent codification occurring in 1985. (P.L.1985, ch. 161).

A careful review of the legislative history of section 371, however, adds nothing to the consideration of the plain language of the present version of the statute.

the general election when no candidate for nomination obtains the required minimum number of 25 votes in the primary. In such circumstances, a write-in candidacy remains the available alternative for the general election.

■ We are mindful that restrictions on access to the ballot present concerns of constitutional dimension. We are persuaded, however, that the State of Maine may legally require that all candidates for nomination make a preliminary showing of substantial support. The requirement that a nominee receive 25 votes is an evenhanded restriction, applicable to all, and is reasonably designed to protect the integrity of the electoral process. *See Jenness v. Fortson*, 403 U.S. 431, 442, 91 S.Ct. 1970, 1976, 29 L.Ed.2d 554 (1971), *quoted with approval in Anderson v. Celebrezze*, 460 U.S. 780, 789 n. 9, 103 S.Ct. 1564, 1570 n. 9, 75 L.Ed.2d 547 (1983).

On the facts presented, it is our opinion that 21–A M.R.S.A. § 371(2) does not require the Governor of the State of Maine to issue a proclamation in accordance with 21–A M.R.S.A. § 362 (Supp.1989).

/s/ Vincent L. McKusick
Vincent L. McKusick,
Chief Justice
/s/ David G. Roberts
David G. Roberts
/s/ Daniel E. Wathen
Daniel E. Wathen
*
_____
Caroline D. Glassman
*
_____
Robert W. Clifford
/s/ Samuel W. Collins, Jr.
Samuel W. Collins, Jr.
/s/ Morton A. Brody
Morton A. Brody
Associate Justices

* See separate statement.

1. 21–A M.R.S.A. § 362 provides:
   Where required by this subchapter, the Governor shall issue a proclamation declaring the vacancy, ordering the appropriate political committee to call it and setting a time and place for the committee to meet.

## ANSWER OF JUSTICE GLASSMAN AND JUSTICE CLIFFORD

To His Excellency, John R. McKernan, Jr., Governor of Maine:

We do not concur in the opinion of my colleagues on the Court and pursuant to article VI, section 3 of the Maine Constitution, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit our individual response to the question you propounded on July 25, 1990.

To the question "Does 21–A M.R.S.A. § 371(2) require the Governor to issue a proclamation in accordance with 21–A M.R.S.A. § 362 when a candidate for nomination to the general election for the State of Maine House of Representatives fails to receive the minimal number of votes required by 21–A M.R.S.A. § 723(1)?" We answer in the affirmative.

21–A M.R.S.A. § 371 requires the Governor to issue a proclamation under section 362 [1] to fill a vacancy "[i]f a candidate for nomination dies, withdraws or *becomes disqualified after having filed his primary petition,* so that a party has fewer candidates than there are offices to be filled" (emphasis added) if, as is the case here, there is not sufficient time to circulate a primary petition.

Within the plain meaning of section 371, the candidates here have filed primary petitions, and after filing those petitions, by reason of not having secured the minimum number of votes required by 21–A M.R.S.A. § 723 [2] have become disqualified, i.e. deprived of the "right or privilege", *Webster's Third New International Dictionary* (1981) at 655, of being their political party's nominee for office.

2. 21–A M.R.S.A. § 723 requires primary candidates to receive a vote total equaling or exceeding the minimum number of signatures required to place the candidate's name on the primary ballot by petition, which in the case of a candidate for the Maine House of Representatives is twenty-five.

Section 371 is not limited in its application to vacancies occurring *before* the primary election. We would read section 371 in conjunction with the overall purpose of the statutory scheme dealing with elections to discourage candidate vacancies and to encourage political party participation in the election process. In our judgment section 371 requires the issuance of the proclamation under section 362.

Respectfully submitted,

/s/ Caroline D. Glassman

Caroline D. Glassman

/s/ Robert W. Clifford

Robert W. Clifford

Associate Justices